PHOENIX INDEMNITY CO. *v.* BARRETT.

(*Nashville*, December Term, 1933.)

Opinion filed January 27, 1934.

MANIER & CROUCH, of Nashville, for appellant.

C. C. JACKSON, of Murfreesboro, for appellee.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

Recovery sought in this suit from the indemnity company on its policy contract of the amount of a judgment at law, based on negligence in operation of an automobile, was resisted before the chancellor on the ground that the automobile was being driven, at the time the accident occurred on the streets of Murfreesboro, by a boy under sixteen years of age; that this was in violation of an ordinance of the city of Murfreesboro, and the indemnity company relied on a provision in its policy contract reading as follows:

"This policy shall not indemnify the assured in respect of any automobile while driven or manipulated . . . by any person in violation of law as to age, or under the age of fourteen years in any event."

The facts were stipulated, and from a judgment against it, the indemnity company appeals.

The determinative questions here presented are conceded to be: (1) Whether or not the language of the policy, above quoted, "in violation of law as to age," is to be construed as applying to a violation of a municipal ordinance; and (2) whether or not the provision of

the municipal ordinance relied on is void because too broad.

Considering these questions in inverse order, it appears that the ordinance relied on, according to the stipulation, reads as follows:

"Section 1. Be it ordained by the City Council of the City of Murfreesboro, Tennessee: That the following laws, rules and regulations shall govern the operation, driving and controlling of vehicles on the streets of the City of Murfreesboro, Tennessee: (Here follow 12 items not applicable to this case.)

"13. No child under the age of sixteen years shall be permitted to drive a vehicle in the City."

This clause of the stipulation immediately follows the foregoing excerpt from the ordinance:

"The foregoing shall be deemed sufficient properly to place the applicable provisions of said ordinance in evidence; but the complainant reserves the right to attack the validity of Sub-Section 13 of Section 1 of the ordinance on the ground that said subsection is too broad as not being limited to the streets of the City; but it is agreed that no other attack can be made on the validity of said ordinance or said sub-section."

In support of this attack on the validity of subsection 13, it is argued that this subsection may apply to and cover any part of the city, even privately owned inclosures, and that, so applied, it is void for unreasonableness.

In considering the validity of an ordinance, the rule of construction is that laid down in *Carroll Blake Const. Co.* v. *Boyle,* 140 Tenn., 181, 203 S. W., 945, 948, to the effect that, where an ordinance, like a statute, "is susceptible of two constructions one of which will render

it void and the other valid it is the duty of the court to adopt the latter.'' *Mayor, etc., of Jonesboro,* v. *Kincheloe,* 148 Tenn., 688, 257 S. W., 418.

Giving effect to this rule of construction, we think that the objection offered to the validity of this ordinance is not well taken. It is apparent that the ordinance as a whole is directed to the regulation of the driving and operation of vehicles on the streets of the city of Murfreesboro, as plainly recited in the opening section. The language of section 13 must be related to the purpose specifically indicated in the opening section. This is not a case in which an attempt is being made to extend the application of the ordinance to any territory within the city other than its streets. We are of opinion that the chancellor was in error in holding otherwise, and the assignment directed to his action in this regard must be sustained.

With respect to the insistence that the words ''in violation of law'' do not apply to this municipal ordinance, we think there can be no doubt that the chancellor was correct in following the opinion of the Supreme Court of the United States in *U. S. Fidelity & G. Co.* v. *Guenther,* 281 U. S., 34, 50 S. Ct., 165, 166, 74 L. Ed., 683, wherein this question was directly dealt with. As said by Mr. Justice SANFORD in that case: ''When the words of the exclusion clause are taken in their ordinary meaning they are free from any ambiguity. . . . The plain and evident purpose of the clause was to prevent the Company from being held liable for any accident occurring while by reason of the age of the operator the automobile was being operated in violation of law.'' And, further: ''the Clause uses the broad phrase 'fixed by law,' in which the term 'law' is used in a generic sense, as

meaning the rules of action or conduct duly prescribed by controlling authority, and having binding legal force; including valid municipal ordinances as well as statutes." What is here said is equally applicable to the broad phrase, "in violation of law," as used in the instant contract. He cites *In re Mutual L. Ins. Co.*, 89 N. Y., 530, wherein the court held that a street grade fixed and established by an ordinance of the city council was one "fixed and established by law." And see *Ex parte Lawrence*, 69 Cal., 608, 11 P., 217, and *Ex parte Christenson*, 85 Cal., 208, 24 P., 747 construing the words "law of this state" as used in the Penal Code (section 435) requiring a license to include a city ordinance. Also, *People* v. *Edmonds*, 15 Barb. (N. Y.), 529, applying the phrase in the Constitution of the state "established by law" to a special law passed by a board of supervisors of a county.

It results that the automobile was being operated in direct violation of a plain exclusion provision of the policy contract, and the decree adjudging liability against the indemnity company must be reversed, and the suit dismissed.