The complainant issued its policy to Samuel Torresdale, "assured," insuring him against liability for bodily injury or death accidentally sustained by any person, "caused by the ownership, maintenance or the use of" assured's Ford automobile truck. The policy contained the provision that:
"The unqualified word `Assured' wherever used in this policy, includes not only the named Assured, but any other person or organization while legally using any such automobile including also any other person or organization legally responsible for the use thereof, provided the disclosed and actual use of such automobile is `Pleasure and Business,' or `Commercial,' each as defined herein, and further provided that such use is with the permission of the named Assured, who, if an individual, may give such permission through an adult member of his household other than a chauffeur or domestic servant."
The policy also provided, as required by the act of March 11th, 1924 (P.L. p. 352), that upon judgment against the insured, and his insolvency, an action may be brought by the injured person to recover on the policy the amount of the judgment not exceeding the amount of the policy.
The automobile was involved in an accident while driven by Harry Sosnoff, an employe of Torresdale, while engaged in his employer's business and with his permission, resulting in bodily injury to the defendant, Joseph Norbut, Jr. Nor *Page 586 
but brought suit in the supreme court against Torresdale and Sosnoff and recovered against Sosnoff; Torresdale could not be served. Sosnoff was insolvent and Norbut brought suit against the complainant in the supreme court to recover on the policy, whereupon the complainant filed its bill to declare the policy void, alleging, among other things, that Torresdale had procured the policy by misrepresentation and fraud. At the conclusion of the testimony counsel conceded that the oral evidence did not support the allegations.
The bill also set up that after Norbut brought his action in which he recovered against Sosnoff, the complainant filed its bill in the United States district court for the eastern district of Virginia against Torresdale to cancel the policy for fraud, and the policy was decreed to be null and void; it is established by an exemplified copy of the record. Counsel contends that the decree concludes Norbut upon the principle of res adjudicata.
It is not questioned that had the oral evidence here offered established fraud by Torresdale in procurement of the policy we would have to hold that it vitiated the insurance to Sosnoff. But it requires no extended discussion to make manifest that the decree of the federal court against Torresdale is not proof of fraud in this cause.
During the running of the policy the underwriters' responsibility to Torresdale and the undisclosed assured was concurrent. While Sosnoff drove the truck he qualified as an assured, and upon the happening of the accident the assurance to him became an independent liability, independent of the underwriters' responsibility to Torresdale, and the protection of the policy vested in him and inured to Norbut as beneficiary as completely as if Sosnoff had been a named assured. Osborn v.New Amsterdam Casualty Co., 111 N.J. Law 358; Sauriolle v.O'Gorman, 86 N.H. 39; 163 Atl. Rep. 717; Zimmerman v. UnionAutomobile Insurance Co., 133 Or. 600; Lorando v. Gethro,228 Mass. 181.
The decree of the federal court against Torresdale concludes Torresdale and his privies. It has no probative value as against Sosnoff and Norbut; they were not parties to the *Page 587 
suit, although the complainant had notice of their rights. (The pleadings in the suit by Norbut against Torresdale and Sosnoff were forwarded to the complainant and it entered appearances for both defendants; later, with the permission of the court, it withdrew the appearance of Torresdale and its counsel withdrew as attorney of Sosnoff). "A judgment is not admissible in evidence against a person who was not a party, nor in privity with a party, to the suit wherein it was rendered, or at least it is not admissible against him as evidence of the facts which it adjudicates or determines or on which it is based, and which are in issue in the subsequent action. * * * Certainly, as against a person who is not a party to the action, nor in privity with a party, a judgment is not conclusive evidence of the facts determined thereby." 34 C.J. 1050; Lehigh Zinc and Iron Co. v.New Jersey Zinc and Iron Co., 55 N.J. Law 350; Ludy v. Larsen,78 N.J. Eq. 237; National Bank of New Jersey v. White, 93 N.J. Eq. 109; Franklin v. Creth, 97 N.J. Eq. 538.
The complainant relies on Suydam v. Public Indemnity Co.,10 N.J. Mis. R. 868, cited with approval in Osborn v. NewAmsterdam Casualty Co., supra. We agree with the statement therein that "the party injured has no greater rights under the policy in a suit against the insurer than has the insured in a suit by him against the insurer." But we are not in agreement with the dictum that prior to judgment by the injured party against the assured, the injured party has "no interest" in the insurance contract. We think he has a cause of action the moment he is injured, but he has no right of action until he recovers a judgment against the assured who proves to be insolvent.
The prayer of the bill will be denied. The defendant filed a counter-claim setting up his rights to the policy, and as the complainant brought him into equity, he is entitled to relief. A decree will go in his favor. *Page 588