14568

BAILEY v. UNITED STATES FIDELITY & GUARANTY CO.

(193 S. E., 638)

*Mr. W. Marshall Bridges,* for appellant, cites:

*Messrs. Willcox, Hardee & Wallace, G. Badger Baker* and *George W. Keels,* for respondent, cite:

November 11, 1937.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

A statement of the following facts is necessary for a proper understanding of the issues involved in this appeal:

On July 13, 1935, United States Fidelity & Guaranty Company, hereinafter referred to as the company, issued to one Harry E. Thomas an automobile liability policy, under the terms of which the company agreed, among other things, "to pay all sums which the assured shall become liable to pay as damages imposed upon him by law for bodily injury * * * accidentally sustained by any person or persons if caused by the ownership, maintenance or use of any automobile disclosed in the declarations for the purposes therein stated." By Section IV it was provided that the policy shall exclude any obligation of the company: "(a) Under any of the above agreements, while any disclosed automobile is being driven * * * by any person under the age fixed by law or under 14 years in any event." On March 7, 1936, while the automobile of the insured was being operated by his son, a boy under the age of fourteen years, the plaintiff herein, one Dozier Bailey, was injured by coming in contact therewith. Thereafter, on April 4, 1936, the company brought an action against the insured, in which a judgment was sought under Section 660 of the Code of 1932, to the effect that the policy issued Thomas by the company, because of the violation of its terms in the driving of the automobile, be declared null and void, and that the insurer be relieved of all liability to the insured by reason of the accident in which Bailey was injured. Bailey was not made a party to this proceeding; and Thomas, the sole defendant, did not answer the complaint or otherwise plead in the action, and made no return to the rule to show cause issued therein. On April 13, Judge Bellinger, who heard the matter, signed an order giving judgment as prayed for. There was no appeal by Thomas from this order; but on August 7, 1936, he filed a petition in the case asking that the declaratory judgment be opened up on the ground of excusable neglect. Judge Shipp, however, who heard the motion, refused the petition, holding that the showing made was insufficient.

On July 24, 1936, an action was commenced in the Court of Common Pleas for Florence County by Bailey against Thomas for damages on account of the injuries received by the former in the accident referred to. Thomas defaulted in this case; and on trial of the cause the jury gave the plaintiff a verdict for $1,250.00, and judgment, from which no appeal was taken, was duly entered up for that amount, together with costs, on December 2, 1936. On the following day, December 3, execution was issued on the judgment, but was returned *nulla bona* by the Sheriff of Florence County. On December 7, the present action was begun by the plaintiff, Bailey, against the company, as defendant, under the provisions of the policy. By its answer to the complaint, the defendant denied any liability to the plaintiff, contractual or otherwise, and set up, as an affirmative defense, its declaratory judgment as a bar to plaintiff's alleged rights in the action.

Upon trial of the case, at the close of all the testimony, each of the parties to the suit moved for a directed verdict, it being agreed that there was no question of fact to be decided by the jury. The motion of the defendant was refused and a verdict was directed for the plaintiff for $1,309.00, this being the amount, with accumulated interest, which Bailey, as plaintiff, had previously recovered in the action against Thomas, the insured.

Counsel for the appellant, defendant below, argues two questions, the first of which may be stated as follows: Is the insurance company exempted from liability in this case under the exclusion clause of the policy as above quoted?

There is no dispute about the facts. While the automobile was being driven at the time of the accident by the son of the insured, a boy under fourteen years of age, the evidence is to the effect that his age had nothing to do with bringing about such accident, and that it would have happened if a most careful and efficient adult driver had been operating the machine.

The respondent contends, and it was so held by the Court below, that the company is not exempted from liability, no causal connection being shown between the age of the driver and the accident or injury complained of, and cites *McGee v. Globe Indemnity Company,* 173 S. C., 380, 175 S. E., 849, as being conclusive of such contention. The appellant argues, however, that the last three words "in any event," of the exclusion clause of the policy before us, not found in the policy in the *McGee case,* render that decision inapplicable, and refers to the concurring opinion therein to sustain its position.

We think that the ruling of the trial Judge was correct. This Court, in *McGee v. Globe Indemnity Company, supra,* held that that case was controlled by *Reynolds v. Life & Casualty Insurance Company,* 166 S. C., 214, 164 S. E., 602, where the policy of insurance issued by the defendant contained a provision that the company would not be liable "if the insured shall die * * * as a result of acts committed by him while in the commission of * * * some act in violation of law"; and where, in disposing of the contention of the company, that the quoted provision under the facts stated relieved it of liability, it was held: "In order to defeat recovery under policies excluding or limiting liability where death or injury results from an unlawful act on the part of the insured, there must be shown, in addition to the violation of the law, some causative connection between such act and the death or injury." Counsel who represented the company contended that in the *Reynolds case* the Court was dealing with a provision limiting liability of the insurance company on account of some act of the insured, while in the *McGee case,* then being argued, the provision of the policy relied upon to defeat the recovery related to a condition; and urged that, although it was logical to hold as the Court held in the *Reynolds case,* it would not be to so hold in the *McGee case.*

The Court, however, took a different view; and, speaking

through Chief Justice Blease, said: "We are of the opinion that the distinction advanced between the excluded act and condition is without any logical basis. * * * The rule established by the *Reynolds case* is obviously founded upon the reasonable view that, when the parties made the contract of insurance, they were not inserting a mere arbitrary provision, but that it was the purpose of the insurance company to relieve itself of liability from accidents caused by the excluded condition. And there is no more reason that the parties to the contract of insurance would arbitrarily exclude liability under a certain condition than they would arbitrarily exclude liability in the commission of a certain act. This case is controlled by the *Reynolds case.*" It was also pointed out that the cases cited by the appellant in support of its contention "only hold that a provision in a policy of insurance similar to the one in question is binding upon the parties, and the question as to whether or not the 'condition' violated had any causative connection with the accident was not raised." *Hossley v. Union Indemnity Company,* 137 Miss., 537, 102 So., 561, was referred to as the only case cited which dealt with the exact question before the Court, and which applied the principle of the *Reynolds case.*

Mr. Acting Associate Justice W. C. Cothran concurred in the result of the decision in the *McGee case,* and wrote an opinion, referred to by the appellant, in which he expressed the view that "the use of the words 'in any event' [in the exclusion clause of the policy] would have given the appellant the relief it now asks of this Court." This view, while deserving of great respect, not being a holding of the Court, is, of course, without binding force or effect. Furthermore, it will be found that in the case cited and apparently relied upon, *Phoenix Indemnity Company v. Barrett,* 167 Tenn., 116, 67 S. W. (2d), 135, the question of causal connection was not referred to or passed upon.

If the reasoning of the Court in the *McGee case* is ■ approved and adhered to—and no good reason has been shown why it should not be—then the additional words in the exclusion clause of the policy before us do not have the effect claimed by the appellant; for, stating again the holding of the Court, it was not the intention of the parties to the insurance contract that the exclusion provision should be a mere arbitrary one, "but that it was the purpose of the insurance company to relieve itself of liability from accidents caused by the excluded condition." The assignment of error, therefore, made by the exceptions raising this question, is clearly without merit.

The other question presented and argued is whether the plaintiff's rights are barred by the declaratory judgment obtained by the insurance company against Thomas, the insured. The appellant contends that this question should be answered in the affirmative for the reason, as stated by its counsel, that Bailey's rights were derived by him through the insured, and that he was, therefore, being in privity with the insured, bound by such judgment, although he was not made a party to the action in which it was obtained.

It is not denied that the policy in question is one for indemnity against liability and not indemnity against loss. "In the former case the insurer's obligation becomes fixed when liability attaches to the insured. In the latter case the insurer's liability does not attach until loss has been suffered, that is, when the insured has paid the damages." 1 Joyce on Insurance (2d Ed.), § 27b.

As already stated, the declaratory judgment against Thomas was obtained by the company after the accident in which the plaintiff, Bailey, was injured and after his rights as a third party had accrued, and in a suit to which he was not made a party. The trial Judge held that, in this situation, the plaintiff's rights were not barred by such judgment.

An examination of the record before us, in which ■ is included what was done in the proceeding for the declaratory judgment, convinces us that the conclusion reached by the Court below is correct. In Black on Judgments, Volume 2, page 637, the following definition of privies is approved: "Privies are those who are so connected with the parties in estate, or in blood, or in law, as to be identified with them in interest, and consequently to be affected with them by the litigation, as lessor and lessee, heir and ancestor, executor and testator. All others not included in either of these classes are of course strangers."

It seems clear from the above definition of privies, ■■ and from our examination of other authorities in reference thereto, that Bailey, under the admitted facts of this case, does not come within any class of those above defined as privies. It appears therefore that no privity exists between the respondent and Thomas, the insured, as contended by the appellant, which would give to the declaratory judgment against Thomas alone the effect of barring the rights of Bailey. In any event, Bailey would not be a privy, in the sense that he would be bound by the judgment, unless his rights had accrued after the rendition thereof; if rights are acquired by a person, as by the respondent in the present case, before that fact, such person is not bound unless made a party to the action. 2 Black on Judgments, 654.

*Associated Indemnity Corporation v. Manning et al.* (D. C.), 16 F. Supp., 430, 432, was a case in which an insurance company, after an accident, liability against which it had insured, undertook to have the policy declared void. The proceeding instituted was under the Federal Declaratory Judgment Act (Jud. Code § 274d, as amended, 28 U. S. C. A., § 400), which is somewhat similar to our own statute. Speaking of the limitation of its power to act, the Court said: "If the declaratory judgment statute provides a jurisdiction of the nature supporting bills *quia timet, Meeker v. Baxter* (C. C. A.), 83 F. (2d), 183-187, the present cause

is not one under the statute because it is brought after liability, if any, has attached."

All exceptions are overruled, and the judgment of the Court below is affirmed.

MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.