CITIZENS CASUALTY COMPANY OF NEW YORK, a corporation, complainant-respondent,

*v.*

ZAMBRANO TRUCKING COMPANY, INC., and ZAMBRANO TRUCKING COMPANY, a corporation, defendants-appellants.

[Submitted October 21st, 1947. Decided January 29th, 1948.]

*Mr. Louis Santorf,* for the defendants-appellants.

*Messrs. Furst & Furst* (*Mr. David E. Feldman,* of counsel), for the complainant-respondent.

The opinion of the court was delivered by

BURLING, J.

This is an appeal from a decree of the Chancellor, entered upon the advice of Vice-Chancellor Stein, who filed an opinion which is reported in *140 N. J. Eq. 378.* As to the factual and legal questions presented for determination in

the Court of Chancery we are in accord with the holdings of Vice-Chancellor Stein.

The following grounds of appeal were raised in the petition for appeal and the points were not dealt with in the opinion below and are hereby disposed of:

"4. The defendants-appellants appeal from the said decree and every part thereof on the ground that the same is erroneous in that the Chancellor should have found that complainant was precluded from cancelling the policy in question as of May 18th, 1946, because complainant had already previously canceled said policy as of September 26th, 1945, and at the time of the attempted cancellation as of its original date, said policy was no longer in existence.

"5. The defendants-appellants appeal from the said decree and every part thereof on the ground that the same is erroneous in that the Chancellor should have found that complainant waived any right to cancel the policy as of its original date for fraud or otherwise, having previously availed itself of its right to cancel said policy *pro rata* pursuant to paragraph No. 17 of the policy without reserving any rights to itself to cancel the policy upon any other ground subsequently discovered."

The method of cancellation by the respondent by notice on September 26th, 1945, to be effective for the remainder of the term of the insurance contract from October 1st, 1945, to May 19th, 1946, was in accordance with the provisions of the policy. Its motive at that time was because of a poor operating record of the appellant, particularly in an event on September 22d, 1945. At this time it had no knowledge of the material representation which was untrue in fact, namely, that no prior cancellation of insurance coverage had occurred by other companies. Discovery of the falsity of the representation occurred casually on June 28th, 1946, during a conference upon another subject with a representative of the Atlantic Casualty Insurance Company, a prior insuring company. The respondent promptly served notice of cancellation of the policy from the date of issuance and returned the entire premium. The bill of complaint for rescission was filed in the Court of Chancery on July 22d, 1946.

To apply the doctrine of laches as a defense, two elements are involved—knowledge and delay (*Endicott* v. *Marvell* (*Court of Chancery, 1913*), *81 N. J. Eq. 378* (at *p. 388*), and neither existed.

Further, the circumstances were not such as to put a man of ordinary prudence on inquiry as to the material false representation. There was no evidence in the case to call upon the company to distrust either its agent or the insured prior to June 28th, 1946. These grounds are without merit.

The decree appealed from will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, BODINE, DONGES, HEHER, COLIE, WACHENFELD, EASTWOOD, BURLING, WELLS, DILL, FREUND, MCLEAN, SCHETTINO, JJ. 13.

*For reversal*—None.