JOSEPH DRANSFIELD, PLAINTIFF-APPELLANT AND CROSS-RESPONDENT, v. CITIZENS CASUALTY COMPANY OF NEW YORK, DEFENDANT-RESPONDENT AND CROSS-APPELLANT.

Argued June 12, 1950—Decided June 27, 1950.

*Mr. Isadore Rabinowitz* argued the cause for plaintiff-appellant and cross-respondent. *Mr. Nathan Rabinowitz* on the brief.

*Mr. Jerome S. Lieb* argued the cause for defendant-respondent and cross-appellant. *Messrs. Harkavy & Lieb,* attorneys.

The opinion of the court was delivered by

HEHER, J.  The question under consideration here is whether one injured through the negligent operation of an automobile may recover from an insurer who holds a decree in equity voiding for fraud a policy of indemnity insurance covering the vehicle, entered in a proceeding against the named insured alone begun after the injuries were sustained.

The policy was issued May 19, 1945, to Zambrano Trucking Company for a term of one year.  The indemnity covered the named insured and any person while using the automobile with the permission of the named insured.  On March 31, 1948, plaintiff recovered a judgment for $50,000 against the named insured and the operator of the automobile covered by the policy for injuries sustained on September 22, 1945, as a result of negligence in operation.  The operator had the permission of the named insured to use the vehicle.  Execution against both judgment debtors was returned unsatisfied; and this action was instituted pursuant to a condition of the policy providing that any person "who has secured such judgment * * * shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy."  R. S. 17:28–2 enjoins the inclusion in such policies of a provision that the insolvency or bankruptcy of the insured "shall not release the insurance carrier from the payment of damages for injury sustained or loss occasioned during the life of the policy," and that "in case execution against the insured is returned unsatisfied in an action brought by the injured person, or his personal representative in case death results from the accident, because of the insolvency or bankruptcy, then an action may be maintained by the injured person, or his personal representative, against the corporation under the terms of the policy for the amount of the judgment in the action not exceeding the amount of the policy."  All such policies are "deemed to include the provisions required" by that section.  The insurance carrier's liability under the policy for bodily injuries "sustained in one accident by one person" was limited to $10,000.

The first and second counts of the complaint, directed against the named insured and the operator of the vehicle, respectively, demanded payment of the judgment under the policy, irrespective of the liability imposed by the Motor Vehicle Financial Responsibility Act (*R. S.* 39:6–1 *et seq.*); and the third and fourth counts, likewise directed to the named insured and the operator, respectively, alleged that both the named insured and the operator had been involved in prior motor vehicle accidents, and therefore their liability to plaintiff under the policy was absolute by virtue of the provisions of the Motor Vehicle Financial Responsibility Act, cited *supra.*

The answer pleaded, *inter alia,* that on April 21, 1947, a decree was entered in a proceeding brought in the old Court of Chancery by the insurance carrier against the named insured adjudging that, for fraud practiced upon the complainant carrier, the purported policy of insurance "is and was from the day of date void and of no effect," and that the carrier "is under no liability" and "never was under any liability" thereunder to the insured. *Vide Citizens Casualty Company of New York v. Zambrano Trucking Co., Inc.,* 140 *N. J. Eq.* 378 (*Ch.* 1947); affirmed, 141 *N. J. Eq.* 310 (*E. & A.* 1948). There was a plea of *res judicata* based upon this decree. The fraud alleged was a false representation that no other insurance carrier had cancelled an automobile liability policy written in the name of the assured within one year immediately preceding the issuance of the policy in suit. Neither the plaintiff nor the operator of the automobile was a party to this proceeding. Plaintiff by way of reply denied that the decree in equity was *res judicata* as to him; and he denied also the commission of the fraud thus charged to the named assured.

As to the first and second counts, the plea of *res judicata* was deemed valid, and there was judgment for defendant on the pleadings; as to the third and fourth counts, there was summary judgment for plaintiff for $5,000, the amount conceded by defendant to be due under the provisions of the

Motor Vehicle Financial Responsibility Act cited *supra.* Plaintiff moved for summary judgment for $10,000 on the third and fourth counts, upon the ground that under the last cited statute defendant was under "an absolute liability," and "the defenses of *res judicata* and fraud were not available in any event to defendant as to those counts." Plaintiff now concedes that under a supplemental affidavit filed by defendant, there is an issue of fact as to fraud. The Financial Responsibility Act provides that if the policy coverage exceeds $5,000, the insurance carrier may plead against the judgment creditor with respect to the excess liability any defenses pleadable against the insurer. *R. S.* 39:6–20(a).

Under a policy of this class, apart from the compulsory coverage under the last cited statute, the rights of the judgment creditor are purely derivative. He stands in the shoes of the assured; and he sues in the right of the insured. *Kindervater v. Motorists Casualty Ins. Co.,* 120 *N. J. L.* 373 (*E. & A.* 1938). But plaintiff is not concluded by the decree in equity on the issue of fraud in the procurement of the policy. While the injured person has no greater right under the policy than has the assured, he has "a cause of action the moment he is injured" which ripens into a right of action when he recovers a judgment against the assured whose insolvency is proved by the return of an execution unsatisfied. And the operator of the vehicle, while so engaged, "qualified as an insured, and upon the happening of the accident the assurance to him became an independent liability, independent of the underwriters' responsibility" to the named assured; and "the protection of the policy vested in him and inured" to the injured person "as beneficiary as completely as if" the unnamed assured "had been a named assured." *Century Indemnity Co. v. Norbut,* 117 *N. J. Eq.* 584 (*Ch.* 1935); affirmed, 120 *N. J. Eq.* 337 (*E. & A.* 1936). In statutory intendment, there is not the privity between the named assured and the injured person essential to render the decree conclusive against the latter on the issue of fraud. The proceeding in equity eventuating in the decree now in-

voked was had after plaintiff suffered the injury for which he recovered judgment. Plaintiff then had under the statute an interest in the subject matter which precludes the operation of the principle of privity and renders the decree inoperative as to him for want of jurisdiction of the person. Generally, absent a statute *contra,* the assignee of a chose in action is not concluded by a judgment for or against his assignor in a suit commenced after the assignment. Here, the relationship between the parties has a statutory basis. The policy of the act would not be served by a rule that would make plaintiff privy to the decree and deny him the right to litigate the issue of fraud raised in bar of the direct action thus afforded where the assured is proof against execution.

Defendant's cross-appeal challenges the judgment in favor of the plaintiff on the third and fourth counts. The contention is that there is no liability under *R. S.* 39:6–1 *et seq.,* because "proof of financial responsibility had not been demanded by the Commissioner of Motor Vehicles and an endorsement of financial responsibility had not been issued by the insurance carrier."

It suffices to say as to this that in the Superior Court defendant conceded its liability on the third and fourth counts in the amount for which judgment was rendered; and the trial judge entered judgment on the basis of this concession. Defendant is on well-settled principles concluded from assigning error on that judicial action.

The judgment is accordingly reversed, save as to the liability found under the Motor Vehicle Financial Responsibility Act; and the cause is remanded for further proceedings in conformity with this opinion.

*For reversal*—Justices CASE, HEHER, OLIPHANT, BURLING and ACKERSON—5.

*For affirmance*—Justice WACHENFELD—1.