NEW AMSTERDAM CASUALTY COM-
PANY, Appellant,

v.

Elizabeth W. MURRAY, Appellee.

No. 12917.

United States Court of Appeals
Sixth Circuit.

March 26, 1957.

Gladney Harville, Lexington, Ky. (Stoll, Keenon & Park, Lexington, Ky., Boyd F. Taylor, Jr., and William A. Hamm, London, Ky., Kiser, Vicars & Kiser, Wise, Va., on the brief), for appellant.

James S. Greene, Jr., Harlan, Ky. (James Sampson, Harlan, Ky., on the brief), for appellee.

Before SIMONS, Chief Judge, and McALLISTER and STEWART, Circuit Judges.

PER CURIAM.

■ Appellee, a woman passenger in a motor vehicle, sustained personal injuries as a result of a collision with another motor vehicle, in the State of Kentucky. The insurer of the latter vehicle brought suit in Virginia in a court of competent jurisdiction for cancellation of a policy of insurance on the ground that the insured had procured its issuance by fraudulent representations. The policy of insurance was written in Virginia. The insurance company was authorized to do business in both Virginia and Kentucky.

Service of summons was had upon the insured, and, on his failure to appear, a default judgment was entered in favor of the insurance company, cancelling the policy as of a date prior to the accident. Appellee, who was the passenger injured in the collision, was not a party to the suit for cancellation and had no notice or knowledge of the suit. Later, the injured passenger brought suit in Kentucky against the son of the insured, who was covered by the insurance, and who was driving the motor vehicle with the permission of the insured at the time of the accident; and upon trial, was awarded a judgment in the amount of $25,000. She later brought suit against the insurance company, asking a judgment in the above amount, together with interest and costs expended in the personal injury suit, and the district court, upon verdict of a jury, entered a judgment in her favor against the insurance company.

There is no question but that the insurance company would be liable to appellee, if no questions of fraudulent procurement of the policy, or invalid service of summons were in the case.

However, appellant insurance company submits that the judgment in the State of Virginia, cancelling the policy for having been procured by fraudulent representations, is binding on the appellee, regardless of the fact that she was not a party to the suit, and had no notice thereof.

The district court held that, as to the insurance company, appellee's rights arose upon the happening of the accident, and could not thereafter be abridged by the judgment to which she was not a party. See Pennsylvania Casualty Co. v. Phoenix, 10 Cir., 139 F.2d 823; Spann v. Commercial Standard Ins. Co., 8 Cir., 82 F.2d 593.

■ The policy of insurance was for indemnity against liability; and the insurer's obligations became fixed when liability attached to the insured. Bailey

v. United States Fidelity & Guaranty Co., 185 S.C. 169, 193 S.E. 638; Hocken v. Allstate Ins. Co., 235 Mo.App. 991, 147 S.W.2d 182.

On the trial of the instant case, the district court submitted to the jury the defense of the insurance company that the policy was void at the time of the accident, because of fraudulent representations made by the insured; but the jury found against the insurance company on this issue and awarded judgment on the amount that appellee had secured on her prior action against the insured.

 With respect to the remaining issue, as to whether there was valid service against the insurance company, it appears the service of process was obtained by serving the Commissioner of Insurance of the State of Kentucky, pursuant to the statutory provisions of Sec. 304.-094 of the Kentucky Revised Statutes, which provides as follows:

> "Each authorized foreign or alien insurer and each domestic reciprocal or Lloyd's insurer shall appoint the commissioner as its attorney to receive service of all legal process issued against it in this state upon causes of action arising within this state. Service of legal process against such foreign or alien insurer can be had only by service upon the commissioner."

Appellant insurance company was authorized to do business in Kentucky. Appellee's cause of action against the insurance company arose within the State of Kentucky, and, there, she sued and was awarded judgment. The foregoing statutory provisions applicable to service of process upon the Commissioner of Insurance have never yet been construed by the Kentucky Court of Appeals. The trial judge, however, an experienced State court Judge in Kentucky for many years before he became a Federal District Judge, considered that the plain language of the statute had been followed in making service of process in the instant case, and that, accordingly,

service upon the Commissioner was valid service upon the insurer; and in such determination, he was not in error.

In accordance with the foregoing, the judgment of the district court is affirmed.