[Civ. No. 21930. Second Dist., Div. Three. Mar. 27, 1957.]

JOHN A. CAMPBELL, JR., et al., Appellants, v. REPUBLIC INDEMNITY COMPANY OF AMERICA (a Corporation), Respondent.

Raymond R. Roberts for Appellants.

Wyman & Finell for Respondent.

SHINN, P. J.—Republic Indemnity Company of America issued its policy of automobile liability insurance to Mr. and Mrs. John A. Campbell, Jr., for the year commencing March 15, 1954. Attached to the policy was the following endorsement: "Additional Declaration . . . (b) There is no operator of the automobile under 25 years of age resident in the Named Insured's household or employed as a chauffeur of the automobile." On October 17, 1954, the insured automobile became involved in two collisions while being driven by John Alexander Campbell, the son of Mr. and Mrs. Campbell, who was then 18 years of age.

The present action is by the Campbells for a declaration that Republic Indemnity Company is obligated to defend actions for personal injuries and property damage arising out of said collisions and to pay all damages within the policy limits. Defendant denied coverage and filed a cross-complaint for reformation of the policy.

The material allegations of the cross-complaint are as follows: That Ruth T. Ronk is a licensed insurance agent and authorized to do business on defendant's behalf. That prior to March 15, 1954, plaintiffs and defendant (acting through Mrs. Ronk) entered into an agreement whereby defendant was

to issue a policy of insurance covering the operation of a 1949 Chevrolet automobile against bodily injury, property damage liability, medical payments and collision damage; it was the mutual understanding of plaintiffs and defendant (acting through Mrs. Ronk) that the policy to be issued would provide no insurance coverage at any time when the Chevrolet was operated by John Alexander Campbell; in view of this specific understanding, defendant issued its policy to the Campbells at a preferential premium rate; affixed to the policy was the endorsement which we have already quoted; pursuant to the understanding of the parties, said endorsement should have read as follows: ''It is agreed that no insurance is afforded by any provision of this policy or of any endorsement attached hereto or issued to form a part hereof while any insured vehicle is being operated, maintained or used by or under the control of a person under 25 years of age;'' the policy failed to embody the real agreement of the parties as the result of a mutual mistake. The prayer of the cross-complaint was that the policy be reformed so as to express their true understanding.

The court made findings and entered judgment reforming the policy. Plaintiffs' motion for a new trial was denied and they appeal from the judgment.

There was evidence of the following facts. Mrs. Campbell bought a used Chevrolet automobile in the spring of 1952 and purchased liability insurance with the Harbor Insurance Company through Mrs. Ronk, who was an authorized agent of that company as well as of defendant. Plaintiffs' son was then living at home. He was driving the Chevrolet and was protected by the Harbor policy, which his mother renewed in March 1953 on the same terms. In June 1953, Mrs. Campbell told Mrs. Ronk that her son's driver's license had been suspended and requested that he be taken off the policy. Harbor accordingly attached an exclusionary rider and Mrs. Campbell was given a prorate refund of the premium.

The policy with Harbor expired in March 1954, at which time Mrs. Campbell's son was in the armed forces and no longer residing with his parents. Mrs. Ronk transferred the insurance on the Chevrolet to defendant company. Mrs. Campbell testified that she had a conversation with Mrs. Ronk about the new policy and told her that she wanted ''the same kind of policy'' with Republic that she had carried with Harbor. She testified that her son's name was not mentioned in the conversation. Mrs. Ronk testified that she called Mrs.

Campbell and asked her whether there was anyone under 25 in the family to be covered. Upon being assured that there was no one to be covered, she prepared and forwarded an application for insurance to defendant which stated that no member of the Campbell household under the age of 25 was driving the Chevrolet. She knew that Mrs. Campbell's son was in the service and testified further that her "only thought was there was no one to be covered under 25 years of age" and that "my only interest was for rating for a policy which covered no one under 25 years."

After her son returned home on furlough in early October 1954, Mrs. Campbell permitted him to drive the Chevrolet. Two weeks later the accidents occurred. Mrs. Campbell admitted that she allowed him to drive the car even though she knew or thought that he was not insured. She stated that she telephoned Mrs. Ronk after the collisions and "asked regarding no insurance to cover the fact that John was driving it." Mrs. Ronk testified as to the same conversation. She stated that Mrs. Campbell said: "We have no coverage for the children" and that she replied: "No. What has happened?"

The court found that the parties intended the policy to afford no protection while the car was being driven by the Campbell boy; in view of this intention, the policy was written at a lower premium rate; pursuant to the understanding of the parties, the policy should have contained an exclusionary endorsement identical to that contained in the policy plaintiffs had carried with Harbor Insurance Company; and that the policy issued by defendant failed to embody the real agreement of the parties as the result of a mutual mistake. The court accordingly reformed the policy by substituting the Harbor exclusionary endorsement for the endorsement defendant had attached, and concluded that Republic was under no obligation to provide a defense for the actions or pay the damages arising out of the two collisions.

The sole assignment of error to be considered is the insufficiency of the evidence to support the findings. In this connection, plaintiffs argue that there was no evidence that they intended to exclude their son from coverage or that they intended to embody the language of the Harbor exclusionary endorsement in the policy, and that the mistake, if any, was the wholly unilateral mistake of the insurance company. The argument is without merit.

Reformation is a remedy accorded to an aggrieved party to

a written contract when, through fraud or mutual mistake of the parties, or a mistake of one party known or suspected by the other, the contract does not truly express their intention. (Civ. Code, § 3399.) ■ It assumes the existence of a valid contract which failed to express the actual intention of the parties and it contemplates the continuance of the contractual relation upon the basis which they truly intended. (*Douglass* v. *Dahm*, 101 Cal.App.2d 125 [224 P.2d 914].) The court is not limited to inquiring what the language of the contract was intended to be, but may inquire what the contract was intended to mean. (Civ. Code, § 3401.) ■ Although the party seeking revision of the contract must present clear and convincing proof, the intention of the parties is a factual matter to be determined by the trial court, and our review of the judgment is limited to the question whether it is supported by substantial evidence. (27 Cal.Jur.2d 785.)

■ There was no conflict in the evidence as to the material facts and we are of the opinion that it amply supports the findings. The court was warranted in determining that the understanding of the parties was to limit coverage to operation of the vehicle by Mrs. Campbell and her husband, and that due to a mutual mistake the policy as issued by the company did not express this understanding. Reformation of the policy to express the true understanding was not only proper but could not reasonably have been refused.

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.