[L. A. No. 25379. In Bank. July 2, 1959.]

SOPHIE SHAPIRO et al., Respondents, v. REPUBLIC INDEMNITY COMPANY OF AMERICA (a Corporation), Appellant.

Wyman & Finell and Marvin Finell for Appellant.

Oscar Richard Cummins and Morton R. Goodman for Respondents.

TRAYNOR, J. — Plaintiffs recovered judgments against John and Pauline Campbell and their son in a personal injury action that arose out of a collision with the Campbells' automobile. Plaintiffs then brought an action on the public liability insurance policy that was issued by defendant covering the Campbells' automobile. (See Ins. Code, § 11580, subd. (b) (2).) Defendant appeals from a judgment for $13,346.89 in that action in favor of plaintiffs.

As originally written, the policy defined the word "insured" to include one driving with the consent of the named insured, and included an endorsement that "there is no operator of the automobile under twenty-five (25) years of age resident in the Named Insured's household or employed as a chauffeur of the automobile." The Campbells' son, a minor, was driving the insured automobile at the time of the accident, with his parents' consent. Since he was a member of the armed forces at the time, however, he was not a resident of the insured's household within the meaning of the endorsement. (*Island* v. *Fireman's Fund Indemnity Co.*, 30 Cal.2d 541, 547-548 [184 P.2d 153, 173 A.L.R. 896].) Accordingly, if plaintiffs' rights against the insurer are to be determined according to the terms of the original policy, the endorsement is no defense and the judgment of the trial court must be affirmed.

Defendant contends, however, that its liability to plaintiffs, if any, must be determined according to the policy as it was later reformed. The record discloses that following the accident, the Campbells brought an action against defendant for a declaration of rights under the policy. In that action defendant interposed a cross-complaint for reformation of the policy. The injured persons, plaintiffs in the present case, were not made parties to that suit. The trial court granted reformation, substituting for the quoted endorsement a provision that: "[N]o insurance is afforded by any provision of this policy or of any endorsement attached hereto or issued to form a part hereof while any insured vehicle is being operated, maintained or used by or under the control of a person under twenty-five (25) years of age." The judgment of reformation was affirmed on appeal. (*Campbell* v. *Republic Indemnity Co.*, 149 Cal.App.2d 476 [308 P.2d 425].)

 Defendant contends that plaintiffs' rights under the

policy must be measured by its terms as reformed and that since the driver of the car was under 25 years of age there can be no recovery. This result, it is urged, is dictated by the rule that an injured person stands in the shoes of the insured, and has no greater rights against the insurer than the insured would have had he paid the judgment against him and then sued the insurer. In support of this contention defendant invokes *Valladao* v. *Fireman's Fund Indem. Co.*, 13 Cal.2d 322 [89 P.2d 643]; *Ford* v. *Providence Washington Ins. Co.*, 151 Cal.App.2d 431 [311 P.2d 930]; and *Olds* v. *General Acc. Fire etc. Corp.*, 67 Cal.App.2d 812 [155 P.2d 676]. These cases, however, stand only for the proposition that in a suit by an injured third person against the tort feasor's insurer, the insurer may raise any defense against the injured person that it could have raised against the insured. Thus, in *Valladao*, the court held that judgment was properly entered for the defendant insurer notwithstanding the verdict, since the insurer had proved as a matter of law that the insured had violated a cooperation clause in the policy. As applied to the present case, these cases would support a ruling that defendant was entitled to make out a defense by pleading and proving facts showing that it was entitled to reformation of the policy. They are not authority, however, for the proposition that the reformation judgment is res judicata against plaintiffs, who were not parties to that action. Defendant relies solely on that judgment to support its claim of nonliability under the policy.

The same contention was considered by the Supreme Court of New Jersey in *Dransfield* v. *Citizens Casualty Co.*, 5 N.J. 190 [74 A.2d 304]. There the insurer pleaded as res judicata a decree it obtained against the insured by which the policy was declared void for fraud in its procurement. The decree was entered in a proceeding against the named insured alone, begun after the injuries were sustained. The court expressly recognized the rule that "the injured party stands in the shoes of the assured," but held that he has a cause of action against the insurer at the time he is injured that ripens into a right of action when he recovers a judgment against the insured. It was held that his rights were not barred by the decree voiding the policy, since he was not a party to the earlier suit and was not in privity with the insured (74 A.2d at 306). Other cases are in accord. In *Pharr* v. *Canal Insurance Co.*, 233 S.C. 266 [104 S.E.2d 394], the court held that a declaratory judgment of nonliability, because of the in-

sured's breach of a cooperation clause, was not res judicata in a later action between the injured person and the insurer. The court concluded that although the insurer had the right to raise the issue of breach of the duty of cooperation in the suit by the injured person and although the injured person would have been bound by the judgment had he been made a party to that action, nevertheless the earlier judgment, to which the injured person was not a party, did not bar the later action. *New Amsterdam Casualty Co.* v. *Murray*, 242 F.2d 549, holds that the injured person's rights against the tort feasor's insurer arise upon the happening of the accident and cannot thereafter be abridged by a judgment to which the injured person is not a party. A judgment cancelling the policy for having been procured by fraudulent representations was held not to be binding on the injured person. (See also *Century Indemnity Co.* v. *Norbut*, 117 N.J.Eq. 584 [177 A. 248, 249-250]; *Bailey* v. *United States Fidelity & Guaranty Co.*, 185 S.C. 169 [193 S.E. 638, 641]; *Collard* v. *Universal Automobile Ins. Co.*, 55 Idaho 560 [45 P.2d 288, 291]; *Pioneer Mut. Cas. Co.* v. *Pennsylvania Greyhound Lines, Inc.*, 68 Ohio App. 139 [37 N.E.2d 412, 423-424]; 18 A.L.R.2d 891.)

The judgment of reformation invoked by defendant in the present case was entered after plaintiffs had suffered the injuries for which they recovered judgment. As third-party beneficiaries of the policy, plaintiffs then had an interest that could not be altered or conditioned by independent action of the insurer and the insured. (*Olds* v. *General Acc. Fire etc. Corp., supra*, 67 Cal.App.2d 812, 823.) Nor can these rights be conclusively determined against the injured persons in an action to which they were not made parties.

The judgment is affirmed.

Gibson, C. J., Shenk, J., Spence, J., and Peters, J., concurred.

McCOMB, J.—I dissent. I would reverse the judgment, for the reasons expressed by Mr. Justice Patrosso in the opinion prepared by him for the District Court of Appeal in *Shapiro* v. *Republic Indemnity Co.*, (Cal.App.) 334 P.2d 594.

Schauer, J., concurred.

Appellant's petition for a rehearing was denied July 29, 1959. Schauer, J., and McComb, J., were of the opinion that the petition should be granted.