## 18922

Charles Lee WILKINS, Wilburn Thomas Wilkins, Era Vivian Wilkins, Individually and as Executors of the Last Will and Testament of D. Oscar Lipscomb, and Davis Oscar Wilkins, Bessie Green Wilkins and Alice Fay Wilkins, a Minor over the age of Fourteen, by her *Guardian ad Litem*, Bessie Green Wilkins, Appellants, v. Mrs. Cleo L. MULKEY *et. al.*, Respondents.

(167 S. E. (2d) 619)

*Matthew Poliakoff, Esq.*, of Spartanburg, *for Appellants,*

*T. E. Walsh, Esq.,* of Spartanburg, *for the Respondents, James W. Lipscomb, Jr., Mrs. Cleo L. Mulkey, Earl Lipscomb, Charles Lipscomb, Mary Vinety Lipscomb, Sara J. Moore, Robert Lee Johnson, Etta J. Elson and Mary Lipscomb,*

May 14, 1969.

BRAILSFORD, Justice.

A life estate in the land in controversy was devised to D. Oscar Lipscomb, with remainder to his children, by item 4 of the will of his mother, Vinety C. Lipscomb. By the residuary clause of the will, all of the property of the testatrix not otherwise disposed of was devised to her three children, Cleo P. Johnson, D. Oscar Lipscomb, and James W. Lipscomb "for the terms of their natural lives, and at their deaths to their children, *per stirpes."*

D. Oscar Lipscomb died childless in 1954, and this action was brought shortly thereafter to determine certain issues between the beneficiaries under his will, his heirs-at-law and his creditors. The *land* was not referred to in the will of D. Oscar Lipscomb, and by a former order of court in this action it was mistakenly adjudged to be intestate property. The children of Cleo P. Johnson (now Mulkey) and those of James W. Lipscomb have now intervened as defendants and oppose the sale of the *land* in aid of the assets of the

estate of D. Oscar Lipscomb upon the ground that his interest therein terminated upon his death. The intervening defendants claim title to a vested estate in remainder under the terms of the will of their grandmother, subject only to a life estate in Cleo Mulkey, the now sole surviving child of the testatrix. The circuit court sustained the claim of the grandchildren, and the executors of the will of D. Oscar Lipscomb have appealed upon the ground that the former order of the court in this action is *res judicata* that the *land* belonged to their testator.

The sole issue on the appeal is whether the grandchildren, who were not parties to the action, are bound by the former judgment as privies of their respective parents, who were parties. They are not so bound. The contrary view is based upon the misconception that the intervenors claim title through their respective parents. Instead, as children of Cleo Mulkey and of James W. Lipscomb, they are merely identified as members of the class to whom the estate in remainder passed directly by the terms of the will of their grandmother. The order relied upon was issued while they were not before the court and after their interests had vested. Therefore, the order could not prejudice their rights and does not bar them of the enjoyment of their grandmother's bounty. 30A Am. Jur., Judgments, Sec. 399, p. 451; 50 C. J. S., Judgments, § 788, p. 324; *Bailey v. United States Fidelity & Guar. Co.,* 185 S. C. 169, 193 S. E. 638.

Affirmed.

Moss, C. J., and LEWIS and BUSSEY, JJ., concur.

WADE S. WEATHERFORD, Acting Associate Justice, disqualified.