

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-22-2002

# Bryan v. All Out Die Cutting

Precedential or Non-Precedential:

Docket 1-2227

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Bryan v. All Out Die Cutting" (2002). *2002 Decisions.* Paper 196.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/196

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 01-2227


LAURA BRYAN;
VEATRICE LONG,

Appellants

v.

ALL OUT DIE CUTTING, INC.;
ABRAHAM KATZ


ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

(Dist. Court No. 98-cv-01699)
District Court Judge: Faith S. Hochberg


Submitted Under Third Circuit LAR 34.1(a)
March 4, 2002

Before: ALITO, RENDELL, and HALL, Circuit Judges.

(Opinion Filed: March 22, 2002)


OPINION OF THE COURT


PER CURIAM:
        Because the parties are familiar with the background of this appeal, it will
not be set out.  Laura Bryan and Veatrice Long appeal the District Court's denial of their

motion for partial summary judgment, motion for leave to file an amendment to their complaint, and dismissal of their complaint.

The first issue presented for review is whether the District Court properly denied Plaintiffs' motion for partial summary judgment. The District Court found that no actual case or controversy existed between the named parties. Federal judicial power may not be exercised unless there is a "legal controversy that is real and not hypothetical," affecting the parties in a "concrete manner so as to provide the factual predicate for reasoned adjudication," with sufficiently adverse parties so as "to sharpen issues for judicial resolution." International Broth. of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers v. Kelly, 815 F.2d 912, 915 (3d Cir. 1987). A claim for money damages is moot if it will never be possible for the defendant to provide any relief. See National Iranian Oil Co. v. Mapco Intern., Inc., 983 F.2d 485 (3d Cir. 1992). In this case, the Plaintiffs entered into a full settlement and release of all claims against both the corporate and individual Defendants. The Assignment, Payment and Release Agreement provides that the Plaintiffs "forever release and discharge All Out and Katz from any liability for any judgment they may ultimately obtain in the Lawsuit." Appendix at 11. In an annexed Supplement to the Assignment, Payment and Release Agreement, the parties agreed that the Plaintiffs shall not "(i) initiate or take any steps to record any such Judgment in any jurisdiction, (ii) initiate nor take any steps to enforce any such Judgment against All Out or Katz, and (iii) take any steps which would adversely affect the credit standing of All Out or Katz." Appendix at 14. Once the parties entered into a full release and settlement of all claims against the individual and corporate Defendants and the agreements were approved by the Bankruptcy Court, an actual case or controversy ceased to exist, and the District Court could not properly exercise jurisdiction over the matter. Therefore, we find the District Court properly denied Plaintiff's motion for partial summary judgment and closed the case.

The second issue presented for review is whether Plaintiffs should be allowed to proceed with their case under N.J.S.A. 17:28-2 (1994). N.J.S.A. 17:28-2 states

No policy of insurance against loss or damage resulting from accident to or injury suffered by an employee or other person and for which the person insured is liable . . .  shall be issued or delivered . . . unless there is contained within the policy a provision that the insolvency or bankruptcy of the person insured shall not release the insurance carrier from the payment of damages for injury sustained or loss occasioned during the life of the policy, and stating that in case execution against the insured is returned unsatisfied in an action brought by the injured person . . . because of the insolvency or bankruptcy, then an action may be maintained by the injured person, or his personal representative, against the corporation under the terms of the policy for the amount of the judgment in the action not exceeding the amount of the policy.

This statute gives injured parties the right to proceed against a debtor's insurance carrier in the event that the execution of a judgment against an insured is unsatisfied because of insolvency or bankruptcy.  The statute does not give injured parties the right to proceed against an insurer after the insured has contracted to settle any claims against it with the injured party.  See Dransfield v. Citizen Gas Co. of New York, 74 A.2d 304 (N.J. 1950).  Therefore, we find this statute inapplicable to this case.

The third issue presented for review is whether the District Court improperly denied Plaintiffs' motion for leave to file an amendment to their complaint to include the corporate Defendant's insurance company.  The Bankruptcy Court approved the parties' Assignment, Payment and Release Agreement on June 21, 2000.  See In re: All Out Die Cutting Inc., No. 199-20333-353 (Bankr. E.D.N.Y. June 21, 2000).  Plaintiffs moved for leave to filed an amendment on July 17, 2000.  Once the Bankruptcy Court entered its Order approving the agreement, an actual case or controversy ceased to exist, and District Court lacked jurisdiction to grant Plaintiffs' motion for leave to amend their complaint.  Accordingly, we affirm the Order of the District Court.