FREDERIC PEARL, appellant, v. HIRAM B. WELLMAN et al, appellees.

*Appeal from Tazewell.*

A petition for a re-hearing will be allowed at a term subsequent to that at which the case was decided, on reasonable notice being given to the adverse party, if the petitioner show to the Court that circumstances prevented him from making the application at the time required by the rule of Court.

THIS cause was argued and decided at the December term 1846, of this Court, (3 Gilm. 311,) when the judgment of the Circuit Court of Tazewell county was reversed.

At the present term, *J. T. Stuart,* for the appellees, applied for a re-hearing of the case, upon the facts set forth in the statements of the counsel, and in several affidavits filed

therewith, due notice of the intended application having been given to the adverse party. It was agreed by counsel that their statements should be read in evidence on the motion, and that the usual oaths, and the formal petition usually required be waived.

The following are the statements and a portion of the affidavits referred to:

### Statement of EDWARD JONES, ESQ.

STATE OF ILINOIS, ss.                    In the Supreme Court.
Frederick Pearl,

      *v.*                                   Appeal from Tazewell.

Hiram B. Wellman and
Marshall D. Wellman, partners trading under name, style and firm of Wellmans.

Edward Jones, being first duly sworn according to law, deposes and saith, that he really believes that the petition foregoing, filed by Wellmans the appellees for a re-hearing in this cause, is true in all its parts. This affiant swears that, as the attorney of the said Wellmans, he did bring suit on a record against Pearl, the appellant as in said petition mentioned. That the appellant, Pearl, did appear by H. O. Merriman Esq. his attorney, and defend said suit; that said H. O. Merriman Esq. filed to said action three pleas in bar; that to the third of said pleas, this affiant for appellees was about to write out and file a general demurrer, and make up issues of fact upon the first two pleas; that at the suggestion of the said H. O. Merriman Esq. and at the desire of the Hon. Samuel H. Treat, Judge, &c. presiding in said cause, this affiant consented to have said issues of fact and said issues of law decided, as if the pleadings in the cause had been regularly written out, and though he objected in the first instance, he consented thereto. This affiant further swears that immediately after said issues of law and fact were found for the said appellees, this affiant, to prevent misunderstanding, the said appellant by his said attorney having stated that he would present a bill of exceptions, and pray an appeal to this Court, wrote out said general demur-

rer, replied to the first plea, and filed a replication to the second plea denying payment, and to said replication added the *similiter.* This affiant further swears, that before the transcript of the record and proceedings in the Tazewell Circuit Court filed in this Court at its last term was made out, that this affiant had left the United States, and did not return thereto until after the adjournment of said term, and that he knows of no other person, save the said O. H. Merriman Esq. and himself, personally cognizant of the proceedings had in said cause in said Circuit Court unless his Honor Judge Treat has some recollection thereof. This affiant swears, that all the pleadings in said cause after the declaration are upon the same sheet of paper and in the following order: First, plea of *nul tiel record,* then replication in short to that plea; then second plea, then third plea, closely following, leaving no room between second and third pleas for replication to second plea; then general demurrer to third plea which concluded at the bottom of the page, and was signed by this affiant as attorney for the said appellees, and the replication to the second plea, with the *similiter* on the reverse side of said page, which accounts, in the opinion of this affiant, for the omission of the said replication in the transcript made out by the clerk of said Court, the demurrer concluding as aforesaid at the bottom of the page being an answer to the third and last plea.

This affiant further swears, that the first information that this affiant received of the reversal of said judgment in this Court, was in the latter part of June last, and that he was informed of the same at the said time, by the said H. O. Merriman Esq. while returning in the stage coach from Springfield to Tazewell county. This affiant asked the said Merriman upon what ground said judgment had been reversed, and upon being informed by said Merriman thereof, this affiant, forgetting at the time that through an abundance of caution he had written out said demurrer, replications and *similiter,* reminded said Merriman of said agreement, to which the said Merriman replied, after some moments' reflection, that he had entirely forgotten the agree-

ment, at the time of the hearing in the Supreme Court, but now that he was reminded of it, he believed he did remember something about it, and that he believed that the Hon. Judge Treat did also, from the very great repugnance the Judge manifested toward the reversal of said judgment. This affiant, however, feels it to be his duty in justice to Mr. Merriman to state, that he does not believe that the agreement between this affiant and the said Merriman occurred to the mind of the said Merriman while prosecuting said appeal, though the said Merriman has stated to this affiant, that he had not thought of looking into the manner in which said issues were made up, until the omission of the replication to the second plea in the transcript, after the same was filed in this Court, was pointed out to him by Ebenezer Peck Esq. This affiant further swears, that he never saw any of the original papers in this cause after his return to the United States, until during the sitting of the September term 1847, of the Circuit Court for Tazewell county, Illinois, when, seeing the demurrer to the third plea written out, it first called to his recollection the fact of his having made up said issues. He further swears, that the replication to the first plea, and the demurrer to the third plea, and which were embodied in the transcript filed in this cause at the last term, were reduced to writing by this affiant at the same time at which replication was written out, which answered the second plea and omitted from said transcript.

This affiant farther swears, that early in September last, he called upon Lawson Holland, the security in the appeal bond in this case, and informed him that application would be made for a new hearing in this cause, and that said Holland then informed this affiant, that he held counter security to indemnify him from liability upon said bond, and would hold the same until the cause was decided.

And the said Jones, in relation to the matter contained in the counter statement of H. O. Merriman, Esq., states, that according to his recollection upon the trial of this cause in the Circuit Court, that nothing was said relative to waiving any objection to the third plea, which could be reached upon

Pearl *v.* Wellman *et al.*

general demurrer, although it it is true that the demurrer was not argued at length, and that the only objection to the sufficiency of the plea urged to the Court in support of the demurrer, was the distinction between a levy on mesne, and a levy on final process. Mr. Merriman, at the time, asked me directly, if the demurrer was general or special, to which I replied, general; and the said Jones further states, that at the last September term of the Circuit Court of Tazewell county, this cause was on the docket of said Court, but was there placed by the clerk, without any order of the Court to that effect, and that the said H. O. Merriman objected to its being upon the docket for that cause; and that the said Jones, the only counsel for appellees attending at said term, expressly refused to recognize said cause as a cause pending in said Court. No action, I believe, was taken by the Court in the matter.

Relative to the counter security held by Holland, the security in the appeal bond, I can only say, that in a conversation I had with him within a fortnight, I received the idea that he was still very nearly, if not quite secured.

(signed)        Edward Jones.

The said Jones further states, that unless the judgment of the Circuit Court in this cause shall be affirmed, in his opinion it will be very difficult, if not impossible, to collect the said demand from the said Pearl.

(signed)        Edward Jones.

### Statement of H. O. MERRIMAN, ESQ.

It is my understanding, that the counsel for appellees was to make the issues after the trial of the cause in the Court below, though my recollection of the facts is very indistinct. It was also my distinct understanding, that all objection to the form of the third plea was waived, and certainly not insisted upon.

I further state, that upon the decision of this Court, at the December term 1846, to wit: in June last, Thomas J. Little caused a transcript of the judgment of this Court to be filed in June last, in the office of the clerk of the Court

below, and the clerk of said Court docketed the cause, (without any special order of Court,) and the cause is still depending in that Court, neither party at the September term of said Court taking any action in the case. That the claim on which said suit was instituted, was, as I am informed by said Jones, confided to said Little as an attorney, and by said Little to said Jones.

That the security upon the appeal bond, as I am informed and believe, took notes to himself as counter security against his liability on said bond, given by divers individuals, in small amounts to said Holland, for no other consideration than to save the liability of said Holland in that respect, some of whom are dead and others have left the country since last winter; thereby, to some extent, (how far I am not advised,) lessening the said security.

I further state, that in procuring the record originally filed in this cause, I requested the clerk of the Court to make a copy of the record and send to Springfield, which he did, and until after the said term was commenced, I did not see or know the contents of said record, nor, as I believe, did said Pearl, and I never heard of said replication to the second plea being filed, until September last, nor did I know of the demurrer to third plea being filed, until I saw it in the record, and a thought of what passed at the trial did not enter my mind, until my attention was called to it by said Jones, and now, it is most remarkably indistinct, and can state only my impressions.

(signed)                H. O. Merriman.

### Affidavit of J. A. Jones, clerk, &c.

State of Illinois, }            This day personally appeared
Tazewell County. } sct.  before the undersigned, Probate Justice of the Peace in and for said county, John A. Jones, who, having been first duly sworn, according to law, deposes and says, that as Clerk of the Circuit Court of said county, he was directed by the counsel of each of the parties to a certain cause removed by appeal from said Court, and wherein Hiram B. Wellman and Marshall D. Wellman,

Pearl *v.* Wellman *et al.*

are plaintiffs, and Frederick Pearl defendant, to furnish a complete record thereof, except of the bond for costs which the defendant's attorney, according to the best of the recollection of the said deponent, desired to be omitted in his transcript. That with said exception, he made the second transcript from the first, copying all the record he then saw on file in his office. That if the replication to the second plea was omitted, it was entirely without the direction of the said defendant, or his attorney. Said deponent further says, that he never again examined the papers of said cause, until the first or second day of the late September term of this Court, when the plaintiffs' attorney exhibited to said deponent in Court, said replication written upon the defendant's pleas, filed in said cause, and so folded under as to have escaped his notice when copying the record. And farther this deponent saith not.

(signed)                              J. A. Jones.

Sworn to and subscribed before me, this 20th December, A. D. 1847.

(signed)                    Palmer Holmes, P. J. P.

State of Illinois, ⎰ ss.    I, William B. Parker, being duly
Tazewell County. ⎱          sworn according to law, deposeth
and say, that from a personal examination, the facts set forth in the foregoing affidavit, are substantially true.

(signed)                          William B. Parker.

Subscribed and sworn to before me, this 20th day of December, A. D. 1847.

(signed)                    Palmer Holmes, P. J. P.


Affidavit of N. Bushnell Esq.

In the argument of this case, it was my understanding that Mr. Merriman waived all the errors assigned, except that relating to the demurrer to the third plea. We had several conversations in which this matter was mentioned, and as I wished to prepare a written argument, and return home, leaving the case to be argued by Mr. Merriman orally, I desired Mr. Merriman to inform me of the points on which he relied, that I might shape the argument to meet his views

and in answer to the inquiry, I clearly understood him to say, that the point above mentioned, was the only one to be argued. I thereupon prepared an argument on that point, the same reported in 3 Gilm., and handed it to Mr. Merriman to read. He returned it to me the next day, and I then understood from him, that it discussed all of the case to be submitted. I then advised him I should leave it with Mr. Gilman, of whom he could obtain it whenever he desired, which I did, and left for Quincy. From what passed between Mr. Merriman and myself, so completely was my attention drawn to the question arising on the third plea, that I took no notice of the point on which the case was reversed, nor have I any recollection of having been aware that any such point was presented by the record, until I read the opinion after the adjournment of the Court. Had I been aware of it, unless it had been waived, I should certainly have applied for a *certiorari* to perfect the record; and I think I should have discovered it, unless my attention had been diverted from a careful examination of the record by the facts already detailed.

(signed) N. Bushnell.

Subscribed and sworn to before me this fifth day of January 1848.

(signed) Noah Divelbiss, Dep. Clerk, S. Ct.

*H. O. Merriman,* for the appellants, filed the following written argument against the motion for a re-hearing:

This Court has decided repeatedly, that a petition for a re-hearing must be made at the term in which the Opinion is delivered. *People* v. *Pearson,* 3 Scam. 406.

Here the application is not only for re-hearing, but also to annul the record. This, I humbly conceive, should have been done under the rules of Court before joinder in error. It seems that two copies of the record were made out for appellees and one for appellant, and no efforts made by appellees before trial to remedy the defect. It would be an extraordinary thing now to allow such an application.

A supposed agreement at the trial below is relied upon as

---

a ground for this application. I certainly did not understand from anything said at the time, that liberty was given to appellees' counsel to make up the pleadings after the term; and it is evident the adversary's counsel did not so understand it, or at least did not rely upon such understanding; because, as appears by statement of E. Jones, Esq. the demurrer to the third plea and replication to plea of *nuel tiel record*, were not written out then, but were written out afterwards, and thus he must have understood at the time, that it was his duty to make the issues then. And no lawyer would rely upon such an agreement not reduced to writing, nor put upon the records, and take a judgment liable at any time to be reversed. I would willingly correct the matter by agreement now, if I could convince myself that any agreement was made by me which had caused the result. But I did not consider what was then done as entitled to the dignity of an agreement.

But the point particularly relied upon now is, that the clerk below, through inadvertence, omitted the replication to second plea. This was not done by any direction of the appellant or his attorney, as the clerk swears. He also gives the present appearance and location, if I may so term it, of that replication upon the record. From the record now produced it does not appear when this replication was filed, and from the clerk's statement it does appear that the replication was never seen by him until the September term 1847, of the Tazewell Circuit Court, when it was shown to him by the appellees' attorney. The cause then being on the docket in that Court, I then took issue upon that plea. Now, if this application is allowed there is no case where there is an informality in the pleadings it may afterwards be written upon another piece of writing, without anything showing when made, and this Court afterwards called upon to reverse a previous decision upon an amended record. To prevent frauds, the defect should be obviated before joinder in error, at least before trial, and at all events at the term in which the decision is made.

My third plea is decided here upon points amendable and

not decided by or called to the attention of the Court below; and, although the learned Judge of this Court, who delivered the Opinion, intimates that the matters attempted to be set up in the third plea are untrue, yet, without attempting to contradict that intimation, I would respectfully suggest that my sources of information on that subject are superior to his, and that in my opinion, from the information in my possession, the plea is true; and this may account for a desire on the part of the appellees' counsel to have the cause determined upon technical objections to that plea, and not upon its merits, when, if any understanding existed between the counsel, it related as much to a waiver of all technical or formal objections to the third plea as to any thing else. But for reasons above stated, I cannot suppose that any agreement is the cause of the results of the cause here.

Another object of the appellees I suppose to be, to avoid the costs of this Court. Whatever may be the result of their application, that object cannot be obtained. This would be another incentive to fraud in altering the position of the pleadings. In this case, however, I wish to be distinctly understood as not imputing anything of the kind to Mr. Jones, and what I have said upon that subject is only as to the results that might, and probably would follow from such a precedent as is sought to be established in this case.

An avowed object on the part of the appellees is to hold the security on the appeal bond. Securities are favored in law, and only charged by strict law, as this Court has repeatedly decided; and the situation of the security is changed from what it was a year since, his counter security lessened, as appears by Mr. Jones' statement. And I apprehend that this Court will not interfere for the purpose of charging a security, and will even if the application is granted it would be upon payment of costs and a release of the security.

Mr. Jones says in his statement, that if this application is refused it will be doubtful whether the debt can be collected, &c. In this I concur with him fully, but probably for different reasons. I think it doubtful whether the appellees will ever get another judgment, and if I am correctly advised, such

Pearl *v.* Wellman *et al.*

will be the result. But my opposition to their application I place upon higher ground than considerations in relation to costs or security; the danger that will probably ensue from such a precedent, founded upon such a state of facts as is disclosed in their application.

The Opinion of the Court was delivered by

Thomas, J. This case was disposed of at the last term of this Court, (3 Gilm. 311,) and again comes before us on a re-hearing, granted at the present term on the appellee's petition.

The error for which the judgment of the Circuit Court was reversed, was found in its proceeding to try the issues formed on several of defendant's pleas, and rendering judgment thereon against him, when his plea of payment remained wholly unanswered.

An amended record has been filed by leave of the Court, from the inspection of which it appears that a replication to the defendant's said plea of payment was in fact filed before the trial of the cause in the Circuit Court, but inadvertently omitted from the transcript of the record prepared and sent up by the clerk, on which the Court acted.

That ground of error being thus removed, and the Court having held that the opinions and proceedings of the Circuit Court were in no other respect erroneous, its judgment is affirmed with costs.

*Judgment affirmed.*