THE SUPREME LODGE KNIGHTS OF HONOR

*v.*

BERTHA DALBERG.

*Filed at Ottawa October 31, 1891.*

1. BENEFIT SOCIETIES—*forfeiture of membership.* Where the laws of a mutual benefit society or lodge provide for notice to be given to members of the order of assessments made on them, and for their suspension for failure to pay the same within thirty days after such notice, a member can not be deprived of membership or suspended, so as to defeat a suit by his beneficiary on his certificate, without proof of notice to him of the assessment which he fails to pay.

2. PRACTICE IN APPELLATE COURT—*amendment of record after judgment—granting rehearing.* After judgment of affirmance by the Appellate Court it is purely a matter of discretion to allow an amended record to be filed, and open the cause for hearing on such amended record.

3. The allowance of an amended record to be filed in the Appellate Court after judgment of affirmance, without granting a rehearing, is of no practical use, for the reason that this court can only review the judgment of that court on the record as it appeared before it when its judgment was pronounced.

4. SAME—*rehearing, a matter of discretion.* The Appellate Court has the right, by its rules, to say in what cases, or whether in any case, a petition for a rehearing will be entertained. The right to a rehearing is not a legal right, but one which the courts allow of their own motion.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

Messrs. CRATTY BROS. & ASHCRAFT, for the plaintiff in error.

Mr. THEODORE SCHINTZ, and Mr. JAMES A. PETERSON, for the defendant in error.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

This case is fairly stated in the opinion of the Appellate Court, by GARNETT, judge, as follows:

"Appellant is a benevolent society, chartered by special act of the State of Kentucky. It has established a supreme lodge, grand lodge and subordinate lodges. The supreme lodge consists of representatives of the several grand lodges, and the grand lodges, (of which there is one in each State and Territory,) of representatives elected by the subordinate lodges. Each lodge has an officer styled 'reporter,' who is really a secretary. The laws of the order provide for issuing a benefit certificate to each member, by which his beneficiary is entitled to $2000 from the widows' and orphans' benefit fund, if he has complied with the laws of the order, and is in good standing at the time of his death. This fund is made up from assessments levied upon and paid by the several members of the subordinate lodges. The laws of the order require notice of the assessment to be given by the reporter of the subordinate lodge, either by delivery of the notice or by mailing the same, to each member of his lodge, at his last or usual place of residence or business, and they also provide that each member shall pay the amount due within thirty days from the date of such notice,

or stand suspended.   On June 15, 1881, Isaac Dalberg became a member of one of the subordinate lodges.   A certificate was issued to him for $2000, naming Bertha Dalberg as the beneficiary, and he is admitted to have remained a member in good standing until July, 1886."

That court held that the evidence failed to show that Dalberg, the deceased, was notified of either of the assessments for the non-payment of which appellant claimed he stood suspended at the time of his death.   That he could not legally be deprived of his membership in the order without such notice is well settled, and not here questioned.   It is said, however, "there is no legal evidence upon which the judgment can be based."   If by this is meant that plaintiff below did not make out a *prima facie* case, the position is clearly unsupported by the record.   The Appellate Court, by its judgment of affirmance, has found that the evidence offered by the defendant failed to overcome that case; that it failed to produce proof of notice to the member, which was necessary to support the defense interposed.

Having given due consideration to both the oral and printed arguments in this case, we are clearly of opinion that, accepting the material facts as found against appellant, no errors of law were committed by the circuit court.

After the judgment of affirmance by the Appellate Court, appellant filed a petition for rehearing, and suggested a diminution of the record, and moved the court for leave to file an additional record instanter.   The court allowed the additional record to be filed, but afterward, on motion of appellee, struck it from the files, and also denied a petition for rehearing.   It is assumed by counsel for appellant that the rehearing was denied because of a rule of the Appellate Court, to the effect that such petitions will only be entertained in cases not reviewable in the Supreme Court, and it is insisted the rule is unreasonable.   The record shows that the petition in this case was considered; but whether it was or not, the court had the

right to say in what cases, or whether in any case, a petition for rehearing would be entertained. The right to a rehearing is not a legal right, but one which courts allow of their own motion.

It is also insisted that it was error to strike the amended record from the files. That record consisted of an amendment to the bill of exceptions, which it was claimed by appellee was irregularly obtained in the circuit court. Whether that objection was valid or not, it was purely discretionary with the Appellate Court to, after its judgment of affirmance, allow it to be filed and re-open the case for hearing on such amended record. To have allowed the amended record to be filed without granting a rehearing would have resulted in no benefit to the appellant, for the reason that this court could only review the judgment of the Appellate Court on the record as it appeared before it when its judgment was pronounced.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*