Paula M. Sobina, Rudolf Edward Sobina and Rudolf Edward Sobina, Jr., a Minor, by Paula M. Sobina, His Mother and Next Friend, Plaintiffs-Appellees, v. James A. Busby, Defendant, and Safeco Insurance Company of America, a Corporation, Citation Defendant and Appellant.

**Gen. No. 49,441.**

First District, Third Division.

March 18, 1965.

Rehearing denied September 16, 1965.

Berchem, Schwantes & Thuma, of Chicago (Michael J. Thuma, Richard Owen Young, and Warren E. Eagle, of counsel), for Safeco Insurance Company of America, a corporation, citation defendant and appellant.

James A. Dooley, of Chicago, for appellees.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

In this action for personal injuries, judgments were entered in favor of plaintiffs and against the defendant James A. Busby on verdicts aggregating $26,000. Plaintiffs thereupon instituted supplemental citation proceedings under section 73 of the Civil Practice Act (Ill Rev Stats, c 110, § 73 (1963)) for the purpose of subjecting the coverage provided by an insurance policy issued by Safeco Insurance Company of America (citation defendant) to the payment of the judgments. The trial court on motion of plaintiffs entered summary judgment against the citation defendant, and the latter has appealed.

The principal contention of citation defendant is that a decree was rendered against James Busby in the Circuit Court of Walker County, Alabama, finding that the insurance policy was void on the ground that it was procured by fraudulent misrepresentations and that this decree is entitled here to full faith and credit, notwithstanding the fact that the personal injury plaintiffs were not made parties to the Alabama proceeding. The background of these proceedings follows:

On July 9, 1955, plaintiffs, residents of New York, were injured in a collision at Markham, Cook County, Illinois, between an automobile driven by James A. Busby of Jasper, Alabama, and one in which plaintiffs were riding. Plaintiffs instituted suit in the Superior Court of Cook County on December 28, 1955, to recover for personal injuries sustained. The insurance policy in question had been issued by the citation defendant in Jasper, Alabama, on July 23, 1954, on the application of Lane Busby, the father of James. It covered the operation of the automobile by James at the time of the accident. Attorneys designated by the citation defendant entered their appearance in the personal injury suit and filed an answer for the Busbys.

4

On April 22, 1957, the citation defendant, without notice to plaintiffs, instituted the Alabama suit, seeking to void the policy on the ground that in the application for the insurance, material misrepresentations had been made with respect to the age of James Busby, who was then nineteen, and as to the percentage of time the car would be driven by operators under the age of twenty-five. In the complaint, the citation defendant alleged that it had been called on to defend James Busby in the personal injury suit and had first learned of the misrepresentations in the application for the policy after the accident had occurred. On May 28, 1960, after a hearing (the personal injury claimants still being without notice or knowledge), a decree was entered in the Circuit Court of Walker County, Alabama, declaring the policy in question void ab initio.

Following the decree, the attorneys for the citation defendant who had filed an appearance on behalf of Busby in the personal injury suit, made a motion to withdraw, setting forth the decree of the Alabama court and averring that no contractual or other obligation of any kind existed requiring the citation defendant to provide for the defense. It is significant that this motion was not made within thirty days, the period within which courts generally, including Alabama, (Code of Alabama, Title 13, § 119 (1958)) have broad discretion to set aside their orders. Submitted with that motion was a letter to James A. Busby and his father Lane Busby, advising them that the insurance policy had been declared void and that they should provide their own defense to the personal injury suit. On November 10, 1960, an order was entered granting the requested leave to withdraw. On February 19, 1962, an order of the Superior Court of Cook County found James A. Busby in default and ordered that the cause be heard on complaint and

5

answer. Thereupon, the cause was submitted to a jury, a verdict was rendered, and judgment entered for $26,000. Following this, the supplemental proceedings here involved were commenced.

There can be no doubt that the Alabama suit to void the policy was for the main, if not the only, purpose of avoiding any obligation which might arise in the Illinois suit, and that the personal injury plaintiffs were not made parties defendant to that suit or given notice thereof, so that they could not participate in the defense.

Lane Busby, in his deposition taken in support of the plaintiffs' motion for summary judgment in the citation proceeding, testified that the 1948 Chevrolet which James bought for a few hundred dollars in 1954 in his (Lane Busby's) name, had been purchased so that James could go to Chicago to look for a job. Lane Busby was a miner in Alabama. The policy initially was issued for a six-month period and was renewed by Lane Busby on instructions from James, who was then in Chicago.

It thus appears that James Busby's financial responsibility was such as to make his ability to pay any judgment which might be obtained against him in the Illinois suit doubtful, and that the people who were substantially and definitely interested in the insurance policy and in the Alabama suit were the plaintiffs in the Illinois suit.

██ Under the Federal Constitution a judgment rendered by a court of a sister state must be given full faith and credit by the courts of other states. Where a court has jurisdiction of the parties and the subject matter, its judgment regularly entered, even though erroneous, is valid until reversed on appeal and cannot be subject to collateral attack in another state. This has been stated so often, it needs no citation to support it, but it does not answer the question here in-

volved. If James Busby had paid the judgments and had then sued the insurance company in the courts of Illinois, there is no doubt that the full faith and credit clause of the Federal Constitution would have made the Alabama decree a complete defense. That is not the situation. He has not paid the judgments nor is there any prospect of his doing so. The rights to be determined are not those of James Busby, but of the injured plaintiffs.

With this in mind we proceed to a consideration of the full faith and credit clause of the Federal Constitution as it applies to the decree of the Alabama court voiding the policy of insurance on the ground of misrepresentation. The case relied upon by defendant, so far as Illinois is concerned is Western States Mut. Automobile Ins. Co. v. May, 18 Ill App2d 442, 152 NE 2d 608. There the insurance company brought a declaratory judgment action in Illinois seeking to have its automobile insurance liability policy declared void on the ground of a misrepresentation, in the application for the policy, that the automobile owner was an adult. The actual owner was a minor, the son of the named insured. The minor and two passengers were killed and three others were injured in an accident in Tennessee. Suits were filed in Tennessee and thereafter the declaratory action in Illinois was filed. The plaintiffs in the Tennessee action were not made parties to the Illinois suit. The trial court declared the policy void. On appeal this court affirmed and held that the Tennessee plaintiffs were not necessary parties; that the fact that "a claim or series of claims has been filed against the purported insured is of no significance in determining whether or not the insurance relationship ever existed." We will consider Western States v. May further after examining the cases to the contrary.

There is ample authority holding that the plaintiffs in the underlying tort action are not in privity with

7

the insured, that the insurance policy is one against liability and not against loss, that the plaintiffs' rights accrued at the time of the accident and were not cut off in a later decree entered in proceedings to which the plaintiffs were not parties. New Amsterdam Cas. Co. v. Murray, 242 F2d 549 (6th Cir, 1957); Spann v. Commercial Standard Ins. Co., 82 F2d 593 (8th Cir, 1936); Dransfield v. Citizens Cas. Co., 74 A2d 304 (NJ 1950); Shapiro v. Republic Indemnity Co., 341 P2d 289 (Cal 1959); Hocken v. Allstate Ins. Co., 147 SW2d 182 (Mo App 1941); Bailey v. United States F. & G. Co., 193 SE 638 (SC 1937); Storm v. Nationwide Mut. Ins. Co., 97 SE2d 759 (Va 1957), 69 ALR2d 849; Southern Farm Bureau Cas. Ins. Co. v. Robinson, 365 SW2d 454 (Ark 1963).

In New Amsterdam Cas. Co. v. Murray, supra, the defendant's insurance company brought suit in Virginia to cancel the insurance on the ground that it was procured by false representations. A default judgment was entered, cancelling the policy as of a date before the accident. The party injured in the accident, who was not made a party to the Virginia action and had no knowledge of it, brought suit in Kentucky and obtained a judgment. He then sued the defendant's insurance company, which defended on the ground that the Virginia judgment cancelling the policy was binding on the plaintiff, regardless of the fact that the latter was not a party to the suit. The court held that as to the insurance company, the injured party's rights arose upon the happening of the accident and could not thereafter be abridged by the judgment to which she was not a party, citing Spann v. Commercial Standard Ins. Co., supra. The insurance policy was for indemnity against liability, and the obligation of the insurer became fixed when liability attached to the insured.

In Dransfield v. Citizens Cas. Co., supra, the New Jersey court stressed the above factors, but also emphasized that under the Insurance Code, a cause of action was given the plaintiff against the insurer if execution was returned unsatisfied against the insured. In allowing the injured party to proceed against the insurance carrier despite a decree that the insurance policy was void, the court said (p 306):

> "In statutory intendment there is not the privity between the named assured and the injured person essential to render the decree conclusive against the latter on the issue of fraud. The proceeding in equity eventuating in the decree now invoked was had after the plaintiff suffered the injury for which he recovered judgment. Plaintiff then had under the statute an interest in the subject matter which precludes the operation of the principle of privity and renders the decree inoperative as to him for want of jurisdiction of the person. . . . The policy of the act would not be served by a rule that would make plaintiff privy to the decree and deny him the right to litigate the issue of fraud raised in bar of the direct action thus afforded where the assured is proof against execution."

Illinois has a similar statute in section 388 of the Insurance Code, Ill Rev Stats, c 73, § 1000 (1963), and has expressed the same views with respect to public policy which led other states to hold that the injured plaintiff in the underlying tort action has an interest which cannot be cut off by an action to which he is not a party. Thus, in Scott v. Freeport Motor Cas. Co., 392 Ill 332, 64 NE2d 542, the court said (p 346):

> "Under the policy, the possibility of the insured becoming a beneficiary was always present. That

9

was within the terms of the contract. But the statutory provision incorporated into the contract brought within the terms of the policy another class of beneficiaries. It was uncertain as to who it might be until an accident happened, the circumstances of which were within the policy. When the event occurred, legal responsibility attached to the insured and the identity of the third-party beneficiary became known. The time and place were fixed by the happening of the accident. From the occurrence of such accident until the injured party reduced his claim against the insured to judgment, he was at least a potential beneficiary under the policy with certain fixed rights upon which he could sue the company whenever he obtained a judgment against the insured. It would be an injustice to such injured party if the law would permit the acts of the insured occurring after the accident to defeat the policy. The statute is a declaration of public policy and its purpose is to benefit the public who are injured by the negligent operation of an automobile which is described in the policy. Any other application of the law would permit an insured, acting alone as in this case, or in conjunction with the insurer, to defeat the purposes for which the statute was enacted."

The court, after noting that similar conclusions had been reached in Pennsylvania, Oregon, Washington and New York, quoted with approval the following language from Spann v. Commercial Standard Ins. Co., supra, relied on by the Circuit Court of Appeals in New Amsterdam Cas. Co. v. Murray, supra, (p 347):

"The rights of the injured party arise, however, immediately upon the happening of the accident. . . . This right, arising from contract, can-

10

not be destroyed by an attempted subsequent cancellation, release, or compromise by the insured and insurer. . . . A contrary rule allowing the insured and insurer to destroy the claim of the injured would render the right of little value."

Alabama courts have held that in a declaratory judgment action brought by the insurance company to discharge it from liability, the personal injury plaintiffs are necessary parties. State Farm Mut. Auto Ins. Co. v. Sharpton, 66 So2d 915 (Ala 1953); American Auto Ins. Co. v. English, 94 So2d 397 (Ala 1957). The question was one of venue rather than of jurisdiction, but involved the determination of whether the personal injury plaintiffs were parties in interest. The Alabama court said in Sharpton, supra (p 917):

"A material party is one who is necessary to obtain the jurisdictional relief sought. That does not include one brought in for the purpose of extending the relief so as to do complete justice. (Citations.) *But the plaintiffs in the several suits for damages are directly interested to the extent that the court is asked to declare that complainant is not liable for any judgment which may be rendered.* Plaintiffs can enforce against complainant such liability under Sections 11 and 12, Title 28, Code. *They are therefore necessary parties in such suit as this, section 166, Title 7, Code, sufficient to fix the venue under Section 294, Title 7,* in Lauderdale County." (Emphasis supplied).

The same question of venue was raised in American Auto Ins. Co. v. English, 266 Ala 80, 94 So2d 397, where a suit for a declaratory judgment was brought against one insurer by another to determine the extent of its liability. The plaintiff in the personal injury action, an administrator, was made a party to the suit.

11

The court quoted from the Sharpton case, supra, and from Anderson, Actions for Declaratory Judgments, 137, which states, at 399:

"It may be generally said, that in this class of cases wherein the insurance company seeks to escape responsibility and to be relieved of the duty of defending, that the injured parties in such automobile accident, the insured and all insurance companies are necessary parties and that declaratory relief will not be granted until they are made either plaintiffs or defendants in such a case."

Reverting to Western States v. May, supra, in essence the reasoning there was that fraud vitiates a contract ab initio, as the hornbooks all taught, and hence the personal injury plaintiffs could not acquire anything under it. In that case we distinguished between suits seeking to void a policy of insurance and suits to determine the extent of coverage. It is a distinction without merit insofar as the rights of plaintiffs in the underlying personal injury action are concerned. The syllogism was correct, but contemporary life does not admit of such simple solutions. We must now enlist that famous aphorism of Justice Holmes, "The life of the law is not logic but experience." In Western States, we could not see the totality of the problem nor how the principle there announced could be used to destroy rather than promote justice, nor did we see the lack of realism in a holding that injured plaintiffs had no such interest as would make them necessary parties to a legal proceeding which could deprive them of the benefit of insurance procured for their protection pursuant to the laws of this and other states. Law when divorced from reality courts injustice.

██ ██ We hold that the plaintiffs in a personal injury suit have an interest in public liability insurance coverage which is distinct from that of the insured and

12

which cannot be voided by a judgment or decree in any proceeding to which they are not parties.

The citation defendant argues that its equity suit was not for a declaratory judgment, but was brought to rescind the insurance contract under Rule 29 of the Alabama Equity Rules (Code of Ala, Vol 3, Appendix (1958)) which provides that necessary or proper parties who are nonresidents of the jurisdiction need not be made defendants. The Alabama Declaratory Judgment Act requires that "All persons shall be made parties who have or claim any interest which would be affected by the declaration and no declaration shall prejudice the rights of persons not parties to the proceedings. . . ." (Code of Ala, Title 7, § 166 (1958).) Whether the Alabama action is called a suit for rescission or for declaratory relief makes no difference. In both instances the rights of the nonresident defendant cannot be affected by the decree of the Alabama court unless they have been served with process. As hereinbefore set forth, our decision does not turn on whether or not the plaintiffs in the personal injury suit were necessary parties to the Alabama decree, but rather on our holding that the rights of the plaintiffs to resort to the automobile liability insurance could not be cut off in the Alabama suit between the citation defendant and James Busby unless they were made parties defendant to that proceeding.

The citation defendant contends that the plaintiffs have elected to proceed in "the right of James Busby," (that is, as creditors of Busby) and as his right was terminated by the Alabama decree, plaintiffs' rights were thereby extinguished. A citation proceeding is a statutory proceeding established, defined and controlled by section 73 of the Civil Practice Act (Ill Rev Stats, c 110, § 73 (1963)). It has been generally held that a judgment creditor may not recover against a third-party citation defendant unless

the judgment debtor could have recovered from the third-party defendant in an appropriate action. This is a test to be applied to the obligation of the third-party defendant in a citation proceeding. It was by analogy taken from the law of garnishment. The remedy of garnishment is not a part of the common law and exists in this state only by virtue of statute. A branch of the law of attachment, it originally was a part of the Custom of London and was used by merchants for the collection of commercial debts. For such purpose the test in question is a proper precondition to the creditor's right to recover. It is obviously not a test that can be fairly applied to the case before us for reasons which we will now discuss.

The social problem inherent in the ever increasing use of the automobile has induced legislative action. The extent of the problem is revealed in statistics appearing in the National Safety Council's report for the year 1963, showing 43,400 deaths and 1,600,000 injuries in automobile accidents, the licensing of 93,700,000 drivers, and the registration of 83,000,000 vehicles, contributing mileage totaling the fantastic figure of eight hundred billion miles. Illinois, the third or fourth state of the union, has its share of this traffic. All the states have enacted laws seeking to assure some remedy for those injured as the result of automobile accidents. Simmon v. Iowa Mut. Cas. Co., 3 Ill2d 318, 121 NE2d 509.

In Illinois, the legislature has provided for minimum liability insurance coverage as proof of financial responsibility for accidents (Ill Rev Stats, c 95½, § 7–203 (1963)); has provided that those supplying transportation for hire must have liability insurance policies or make proof of financial responsibilty before commencing operations (Ill Rev Stats, c 95½, § 8–101 et seq. (1963)); has further provided that no liability insurance policy shall be issued unless "uninsured

14

motorist" coverage is provided (Ill Rev Stats, c 73, § 755a (1963)); and has further provided, in section 388 of the Insurance Code, that no policy of liability insurance shall be issued unless it contains provisions allowing direct action by the judgment creditor against the insurance carrier, if the judgment is not satisfied by the judgment debtor (Ill Rev Stats, c 73, § 1000 (1963)). Alabama, where the policy here involved was issued, has a similar statutory provision—Code of Alabama, Title 28, § 11 (1958).

In Simmon v. Iowa Mut. Cas. Co., supra, the court noted the important position which automobile insurance has taken in the modern world and said that it was no longer merely a private contract between two parties; that the greater part of our litigation was concerned with personal injuries caused by the operation of motor vehicles; and that the legislatures of all our states have recognized the hazards and perils daily encountered and as a result have enacted legislation aimed at the protection of the injured party. The court then referred to the various Acts which had been passed, hereinbefore mentioned, and said (p 322):

> "That the general welfare is promoted by such laws can be little doubted. Government and the general public have an understandable interest in the problem. Many persons injured and disabled from automobile accidents would become public charges were it not for financial assistance received from the insurance companies."

In People ex rel. Terry v. Fisher, 12 Ill2d 231, 145 NE2d 588, the court sustained an order for a pretrial discovery of liability insurance in a personal injury suit. The question had not been theretofore determined by a court in Illinois, and the court in passing upon it reviewed the various laws and decisions relating to liability insurance, saying (pp 237–38):

15

"Moreover, we have construed section 388 of the Insurance Code to be declarative of the public policy of this State to protect persons injured by the negligent operation of motor vehicles, and as conferring rights which cannot be defeated after the accident by the concerted action of the insured and the insurer. (Scott v. Freeport Motor Cas. Co., 392 Ill 332, 64 NE2d 542.) It is clear that the legislature, by virtue of the foregoing enactment, has placed liability insurance in a category distinct from the insured's other assets so far as persons injured by the negligent operation of his motor vehicle are concerned."

The reason for the courts thus distinguishing liability insurance from other assets is clear. Liability insurance as such cannot be converted into cash. Its value arises only when an accident has occurred, when defense becomes necessary, and when liability is acknowledged or contested. It is not an "asset" such as a bank account, real estate or salary due, with respect to which the courts created the test that the creditor cannot collect from the citation defendant if the debtor could not. The position of the personal injury plaintiffs in the case before us is more in the nature of a creditor relationship carved out of the Busby interest. The test used in the ordinary garnishment proceeding is not applicable in a case such as this where, as we have seen, the interest of the plaintiffs was not extinguished by a decree entered in a proceeding to which they were not parties.

The citation defendant further argues that section 73(5) (Ill Rev Stats, c 110, § 73(5) (1963)) requires that the rights of the person shall be "determined pursuant to the law relating to garnishment proceedings." The statute provides that such rights shall be "*asserted* and determined." (Emphasis added.) There is

16

no reason why these rights cannot be adjudicated in a citation proceeding.

■■ The citation defendant also argues that the order granting leave to its attorneys to withdraw from the defense of James Busby is res judicata as to the subsequent citation proceeding because in its motion the citation defendant cited the entry of the Alabama decree voiding the insurance policy which relieved it of any further duty to James Busby under the insurance policy, that it gave notice to the plaintiffs, and that plaintiffs did not answer its motion or take an appeal from the order. The doctrine of res judicata, briefly stated, is that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and as to them, it constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action. Charles E. Harding Co. v. Harding, 352 Ill 417, 186 NE 152; People v. Kidd, 398 Ill 405, 75 NE2d 851. The order permitting counsel to withdraw was not a final judgment or decree on the merits, but was a preliminary order entered without hearing evidence and which, at best, accepted the Alabama judgment or decree as prima facie evidence of its validity. Furthermore, the identity of the parties was not the same, as the motion in question was not made by James Busby, but by his counsel. It was in essence an ex parte proceeding between Busby and his counsel which was addressed to the discretion of the trial court. The decisions cited by the citation defendant are not in point. In each case there was a final judgment on the merits in prior proceedings and in each case the identity of the parties and the identity of the subject matter was the same. The plaintiffs are not estopped by the record from prosecuting their citation proceeding.

The citation defendant further argues that irrespective of the correctness of the trial court's decision with

respect to the binding nature of the Alabama decree, the summary judgment was improperly granted on the following grounds: (a) the testimony of Lane Busby to the circumstances surrounding execution of the insurance application was inadmissible under the parole evidence rule; (b) there were issues of fact as to Lane Busby's credibility; (c) the citation defendant was denied an adequate opportunity to present to the trial court facts in support of its position of plaintiffs' abandonment of their Alabama depositions of James Busby and of the agents of citation defendant, contrary to a stipulation by their attorney. A statement of these proceedings follows.

Approximately nine months after the citation defendant's answer had been filed, plaintiffs on September 10, 1963, filed a motion for judgment on the pleadings or in the alternative for summary judgment, attaching a copy of the insurance policy and alleging, among other things, that the insurer had waived any breaches or misrepresentations in the policy and that it was estopped from denying its liability thereunder. When that motion came on for hearing on September 17, 1963, leave was granted to the citation defendant to reply to the motion, and the hearing was continued to October 8, 1963. The citation defendant filed its reply on September 18, 1963, and in addition to stating its position with respect to the Alabama decree, set forth that the policy was void because of material misrepresentations and false statements on the part of Lane Busby to the effect that he was sole owner of the automobile and that James would drive the vehicle ten percent of its annual mileage. It alleged that the deposition of James Busby was pending and that plaintiffs had requested, and there were pending, depositions to be taken of the citation defendant's agent and office manager at Jasper, Alabama. Lane Busby's deposition had been taken on February 3, 1963; some

eight months *before* plaintiffs' motion for judgment was set for hearing, and present at that time were counsel appearing on behalf of the attorneys representing the citation defendant at the supplementary proceeding. On October 7, 1963, the day before the motion for summary judgment was to be heard, the citation defendant filed a motion supported by the affidavit of its attorney, asking the trial court to order the setting of depositions of James Busby and of Mr. and Mrs. Rile G. Blackwood, the agents who procured the insurance, for October 26, 1963, at Jasper, Alabama. No ruling was made on that motion.

On the following day, October 8th, plaintiffs' motion for judgment was granted and judgments for plaintiffs in varying amounts were entered against the citation defendant.

The citation defendant's principal argument is that the absence of depositions in opposition to plaintiffs' motion for summary judgment was attributable to the conduct of plaintiffs' attorney. According to the citation defendant, a stipulation was entered into which provided that the depositions of Lane and James Busby and the Blackwoods be taken. In fact, however, only the deposition of Lane Busby was taken. James apparently was sick and out of the county at the time the elder Busby's deposition was taken. No reason was given for not taking the depositions of the Blackwoods, except that the Alabama attorneys for plaintiffs had informed the Alabama attorneys for the citation defendant that they had received instructions from the plaintiffs' Chicago attorney not to proceed with the depositions which had been set for October 4, 1963. This last information is contained in the affidavit of citation defendant's attorney in support of the October 7th motion for a court order setting the depositions of James Busby and the Blackwoods for October 26, 1963.

19

The question presented is whether, in the exercise of a proper discretion, the trial court should have granted a continuance on the motion for summary judgment.

The citation defendant, if the trial court ruled against it on the conclusiveness of the Alabama decree, desired to make a factual defense based on the alleged misrepresentation. To that end, a stipulation with the plaintiffs' attorney which provided for the taking of depositions was evidently agreed upon. While these depositions were pending, it appears that the plaintiffs, after obtaining Lane Busby's deposition, refused to continue with the taking of depositions and abruptly moved for summary judgment. A motion of citation defendant for an order setting the depositions of James Busby and the Blackwoods for October 26, 1963, and ordering that plaintiffs be bound by those depositions whether or not they participated was never ruled on. The following day the summary judgment was granted.

We do not by this opinion mean to qualify the right of the citation defendant to make such defenses to the insurance policy as are properly available to it. In fairness to the citation defendant and because we believe the trial court abused its discretion in not granting a continuance for the purpose of taking the depositions of James Busby and the Blackwoods (especially since plaintiffs had apparently entered into such a stipulation), the summary judgment is reversed and the cause is remanded with directions to proceed in accordance with these views.

In the view we have taken, it becomes unnecessary for us to decide whether a genuine issue of material fact was presented on the state of the present pleadings and depositions. However, since the cause is being remanded, we should express our opinion on the point made by the citation defendant that the dep-

osition of Lane Busby was inadmissible because of the parole evidence rule. The citation defendant argues that this alters, varies and modifies the meaning of the insurance application which was properly identified and offered in evidence by plaintiffs, and that the testimony of Lane Busby is therefore inadmissible. The cases are to the contrary. Phenix Ins. Co. v. Stocks, 149 Ill 319, 36 NE 408; Guter v. Security Benefit Ass'n, 335 Ill 174, 166 NE 521; Niemann v. Security Benefit Ass'n, 350 Ill 308, 183 NE 223; Nogulich v. Metropolitan Life Ins. Co., 317 Ill App 411, 46 NE2d 396; Moone v. Commercial Cas. Ins. Co., 350 Ill App 328, 112 NE2d 626.

The citation defendant seeks to distinguish them on the ground that in these cases the insurance application was introduced by one party and the parole evidence by another. The distinction has no merit. In moving for summary judgment, the plaintiffs naturally introduced the insurance policy along with their complaint, and after the citation defendant alleged material misrepresentations in the application for the policy, the plaintiffs introduced the deposition of Lane Busby controverting those allegations.

The finding of the trial court that the plaintiffs were not bound by the Alabama decree was proper. The court should, however, give the citation defendant a reasonable opportunity within which to present its defense on the factual issues involved.

The judgment is reversed and the cause is remanded with directions to set aside and vacate the summary judgment and for such other and further proceedings as are not inconsistent with the views herein expressed.

Judgment reversed and cause remanded with directions.

DEMPSEY, P. J. and SULLIVAN, J., concur.

21

We held in this case that the decision of the Alabama court voiding the insurance policy here involved was not binding on the Illinois courts because the personal injury plaintiffs were not made parties defendant. In so doing we departed from the rule laid down in Western States Mut. Automobile Ins. Co. v. May, 18 Ill App2d 442, 152 NE2d 608, which had for some years been the law as stated by the Appellate Court and on which the citation defendant (the insurance company) relied. We specifically preserved the right of citation defendant however to defend on the ground that the policy was obtained by misrepresentation. We further sustained Point 4 of citation defendant's brief, that the trial court erred in proceeding to summary judgment before depositions were taken on that issue.

Plaintiffs subsequently filed a motion in diminution of the record and to amend by filing a supplemental record. Plaintiffs also filed a document called a "Motion to Expunge the Order of Remandment as Beyond the Constitutional Power of the Appellate Court and a Petition for Rehearing." This document relied in part on portions of the trial proceedings contained only in the supplemental record.

██ Under Section 92(1)(c) of the Civil Practice Act (Ill Rev Stats c 110, § 92(1)(c) (1963)), the Appellate Court has the power "to order or permit the record to be amended by correcting errors or by adding matters which should have been included." It has been held that a supplementary record may be filed on rehearing only where the clerk has inadvertently omitted a portion of the record or where the record was irregularly obtained. Supreme Lodge Knights of Honor v. Dalberg, 138 Ill 508, 28 NE 785; Pearl v. Wellman, 9 Ill 395; Gerke v. Fancher, 57 Ill

App 651. No such situation exists here. Plaintiffs wish to file additional portions of the trial proceedings which could have been included in the original record through the use of the ordinary praecipe practice. To allow their motion would needlessly prolong litigation by allowing new arguments to be urged on rehearing. The motion will be denied.

We turn to a consideration of plaintiffs' motion to expunge the order of remandment and petition for rehearing without reference to the supplemental record. Plaintiffs' argument is twofold: (1) no order was ever entered denying defendant's motion for a continuance for the purpose of taking the depositions of James Busby and the Blackwoods and that it must be presumed at law that the motion was never urged and therefore this court was exercising original rather than appellate jurisdiction; and (2) that the trial court did not abuse its discretion in not granting the continuance for the purpose of taking depositions.

The plaintiffs and the citation defendant both desired to take depositions. James Busby was the driver of the car at the time the accident occurred and he is the one sought to be covered by the insurance company. On January 17, 1963, plaintiffs' attorney in Chicago wrote to the defendant's attorney in Chicago as follows:

> "We are enclosing a copy of the Notice for the taking of the depositions of Lane Busby and James Busby on February 2, 1963, in Jasper, Alabama.
>
> "In accordance with our agreement, we hereby stipulate to the taking of any depositions in behalf of Safeco Insurance Company, in accordance with arrangements to be made between the law firms of Tweedy and Beech, representing Safeco Insurance Company, and attorneys Bevill and Jackson, representing the plaintiffs."

23

There were difficulties in finding James Busby. Both sides had lawyers in Jasper, Alabama, and on September 16, 1963, attorneys for defendant in Jasper wrote to plaintiffs' attorneys in Jasper as follows:

"We have had testimony set up to be taken of the witnesses three or four times in this case. The first time the Busbys did not show up. The second time we took Mr. Busby's testimony, but his son was sick and unable to continue, and this put it off; and something has happened the other two times so that it could not be taken. Mr. busby's son in the meantime has been out of the county and just returned, so Mr. Jackson of the firm of Bevill and Jackson has just informed me. We will arrange to take his testimony and have it to you within the next ten days.

"This is just a letter of explanation, and because the plaintiff has not been able to take the Busby's testimony as yet, and we felt that that should be taken before we took our testimony. However, if you will have the case passed over for a short time, we will go ahead with our testimony even though they do not take young Busby's testimony."

It thus appears clear that both parties desired these depositions and we must assume that both parties considered that the testimony thus to be given was important and relevant to the issue of misrepresentation.

Plaintiffs on September 10, 1963 had filed a motion for judgment on the pleadings or in the alternative for summary judgment. When it came on for hearing on September 17, 1963, leave was granted to the citation defendant to reply to the motion and the hearing was continued to October 8, 1963. The citation defendant filed its reply on September 18, 1963, al-

24

leging among other things that the deposition of James Busby was pending and that plaintiffs had requested and there were pending depositions to be taken of the citation defendant's agent and office manager at Jasper, Alabama. On October 7, 1963, the day before the motion for summary judgment was to be heard, the citation defendant filed a motion supported by the affidavit of its attorney asking the trial court to order the setting of the depositions of James Busby and the Blackwoods for October 26, 1963. No order was entered with respect to this motion, and on October 8, 1963, summary judgment was entered for plaintiffs. The constitutional argument is urged for the first time in the petition for rehearing. Point IV of the citation defendant's opening brief is as follows:

"Since the Citation Defendant Could Make Any Defense to the Plaintiffs' Citation That It could Make to an Action on its Policy by James Busby, Since There were Genuine Issues of Material Fact Present in the case, and Especially Since the Plaintiffs' Attorney Had Stipulated to the Taking of Depositions by the Citation Defendant Which Had Not Been Taken at the Time Judgment Was Entered, It Was Error for The Trial Court to Enter Judgment on the Pleadings Or Summary Judgment." (Citing cases.)

The jurisdiction of the Appellate Court on the question was of course therein assumed, and if there was any question about it, plaintiffs should have raised the point at that time. Appellate Court Rule 9 provides that the petition for rehearing shall state concisely the points supposed to have been overlooked or misapprehended by the court, with proper reference to the particular portion of the abstract and brief relied upon. Reargument of the case shall not be made in the petition. Parties cannot for the first time on pe-

25

tition for rehearing raise questions which were not urged or argued on appeal. Rose v. City of Chicago, 317 Ill App 1, 45 NE2d 717; Chicago City Bank & Trust Co. v. Johnson, 293 Ill App 564, 13 NE2d 191. We cannot consider this argument on a petition for rehearing.

In their original brief plaintiffs contended that defendant obtained no ruling on the motion to set the day for the taking of depositions and that it is thereby deemed to have waived and abandoned the motion, citing Brandes v. Illinois Protestant Children's Home, Inc., 33 Ill App2d 319, 179 NE2d 425, for the proposition that a "Motion upon which no order is entered or which is never called to the attention of the court presumably is waived or abandoned." The fact is that the court, without ruling on the motion for an order for the setting of the depositions, proceeded to hear the motion for summary judgment. The citation defendant had persistently maintained in both the trial and appellate courts its right to try the issue of misrepresentation if the decree of the Alabama court was not accepted as conclusive. The pending nature of James Busby's deposition was known to the court by citation defendant's answer of September 18, 1963. It was again before the court in citation defendant's motion of October 7, 1963. To argue that it must be presumed the motion was never urged or that it was waived or abandoned is to ignore the realities of the case.

Plaintiffs' attorney in the petition for rehearing expresses apprehension that there is language in our opinion which reflects on him and on the trial judge. It was not so intended.

Motions and petition for rehearing denied.

DEMPSEY, P. J. and SULLIVAN, J., concur.