Loula Fourniotis, Plaintiff-Appellee, v. Andrew Woodward and Ardella Willett, Defendants-Appellants, and Gibraltar Mutual Casualty Company, Garnishee, Defendant-Appellant.

Gen. No. 49,842.

First District, Third Division.
September 16, 1965.
Rehearing denied October 29, 1965.

Anthony R. Lazzara, of Chicago (Barry H. Greenburg, of counsel), for Gibraltar Mutual Casualty Company, garnishee, defendant-appellant.

John G. Phillips, of Chicago (Sidney Z. Karasik, of counsel), for appellee.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

Plaintiff obtained a default judgment for $7,500 and costs against defendants for personal injuries arising out of an automobile accident. Plaintiff thereupon

instituted garnishment proceedings against defendants' insurance carrier in an effort to collect the judgment. After the accident and with notice of plaintiff's claim, the insurance company, garnishee defendant herein, filed a declaratory judgment action asking the court to declare the policy of insurance between it and defendants void. The plaintiff herein was neither notified of nor made a party to the declaratory judgment proceeding. The insured defendants, who were parties, did not appear or defend, and the insurance carrier obtained a declaratory judgment against them by default. The declaratory judgment declared that the carrier was not obligated to defend its insured from lawsuits nor obliged to pay judgments rendered against the defendants. In the garnishment proceeding against the insurance carrier, the garnishee sought to interpose the declaratory judgment as a bar to plaintiff's efforts to collect on the insurance. At the hearing in the garnishment proceeding the court prodded the garnishee to offer evidence but counsel for the garnishee merely said, "There is no evidence to present." Judgment was thereupon entered against Gibraltar Mutual Casualty Company, garnishee.

The sole question raised on this appeal is whether in an action to have a public liability insurance policy declared void, after an injury has occurred, may the insurance carrier join only the insured, or must the insurance carrier join also the injured party in order to bind him by a judgment therein. The garnishee relies on the case of Western States Mut. Automobile Ins. Co. v. May, 18 Ill App2d 442, 152 NE2d 608 (1958). There it was held that the injured persons were not necessary parties in an action by the insurance company to set aside the defendant tortfeasor's policy of insurance. However, that case has been overruled by the case of Sobina v. Busby and Safeco Ins. Co. of America, 62 Ill App2d 1, 210 NE2d

769, in an opinion filed by this court on March 18, 1965. That decision is dispositive of the instant case.

The court in Sobina, supra, said: "Reverting to Western States v. May, supra, in essence the reasoning there was that fraud vitiates a contract ab initio, as the hornbooks all taught, and hence the personal injury plaintiffs could not acquire anything under it. In that case we distinguished between suits seeking to void a policy of insurance and suits to determine the extent of coverage. It is a distinction without merit insofar as the rights of plaintiffs in the underlying personal injury action are concerned. The syllogism was correct, but contemporary life does not admit of such simple solutions. We must now enlist that famous aphorism of Justice Holmes, 'The life of the law is not logic but experience.' In Western States we could not see the totality of the problem nor how the principle there announced could be used to destroy rather than promote justice, nor did we see the lack of realism in a holding that injured plaintiffs had no such interest as would make them necessary parties to a legal proceeding which could deprive them of the benefit of insurance procured for their protection pursuant to the laws of this and other states. Law when divorced from reality courts injustice.

"We hold that the plaintiffs in a personal injury suit have an interest in public liability insurance coverage which is distinct from that of the insured and which cannot be voided by a judgment or decree in any proceeding to which they are not parties."

As was pointed out in Sobina, supra, numerous cases from other jurisdictions have held that the plaintiffs in an underlying tort action are not in privity with the insured, that the insurance policy is one against liability and not against loss, and that the plaintiffs' rights accrued at the time of the accident and were

not cut off in a later decree entered in proceedings to which the plaintiffs were not parties.

In Sobina we remanded the case to allow the citation defendant an opportunity to present its defense on the factual issues involved which it had sought to do. Unlike Sobina, in the present case the garnishee defendant refused to offer testimony as to the question of misrepresentation in the application for insurance by the insured, but relied entirely upon its prior declaratory judgment declaring the policy of insurance void from its inception.

 The second point raised by the garnishee was waived on oral argument and therefore will not be discussed.

On the basis of Sobina, supra, we conclude that the finding by the trial court that the plaintiff was not bound by the declaratory judgment declaring defendants' insurance policy void was proper. The judgment in favor of plaintiff is affirmed.

Judgment affirmed.

DEMPSEY, P. J. and SCHWARTZ, J., concur.