**Harold E. Williams, et al., Administrator of the Estate of Leroy Scranton, Deceased, Plaintiffs-Appellants, v. Madison County Mutual Automobile Insurance Company, Defendant-Appellee.**

Gen. No. 65–52.

Fifth District.

April 19, 1967.

Rehearing denied May 13, 1967.

Wiseman, Hallett, Mosele, Shaikewitz & Struif, of Alton, for appellants.

Burton C. Bernard and Joseph R. Davidson, of Granite City, for appellee.

CREBS, J.

Following an automobile accident in 1956, Appellants filed personal injury suits and eventually obtained sizable judgments. Appellants, being unable to collect their judgments, brought this suit based on an automobile liability insurance policy issued by Appellee. While the original suits were pending, Appellee filed a declaratory judgment action.

Appellants were named as defendants in the declaratory judgment action and service was obtained. Before any further proceedings, they filed motions to be dismissed on the grounds that they were not proper parties to the proceedings. The trial court granted their motions and dismissed them from the case. Then with only the named policyholder remaining as a defendant, appellee obtained a judgment holding that the policy was not in force on the date of the accident in question. The trial court dismissed appellant's first amended com-

plaint on the pleadings as barred by the declaratory judgment. This appeal followed.

The issue in this case is whether or not the findings in the declaratory judgment proceedings are binding on the appellants.

Appellee has cited Western States Mut. Automobile Ins. Co. v. May, 18 Ill App2d 442, 152 NE2d 608, as authority for holding the declaratory judgment binding whether or not appellants were represented in that proceeding.

■ The holding in Western States has been directly overruled by Sobina v. Busby, 62 Ill App2d 1, 210 NE2d 769, and Fourniotis v. Woodward, 63 Ill App2d 79, 211 NE2d 571. Sobina is based on the proposition that the injured party in an automobile accident is a real party in interest as regards an insurance policy issued to the person causing the accident. On this point we will follow the Sobina case. See also 18 ALR2d 887, Anno 891, 69 ALR2d 849, Anno 858.

Appellee also claims that appellants are estopped by reason of having been made parties in the declaratory judgment proceeding and having been dismissed as parties on their own motion. They also point out that after the trial court pronounced judgment, appellants tried to reenter the case and have the declaratory judgment order changed.

No cases were cited directly on this point nor have we found any that we consider controlling.

■ ■ The purpose of making persons parties in a law suit is to permit them to participate in the proceedings, to present their side of the case, and to be able to appeal if the decision is against them. When these purposes are not accomplished, it is generally held that such persons are not affected by subsequent judgments. Miller v. Miller, 263 Ill 18, 104 NE 1078; Restatement, Judgments, § 79, page 357.

338

■ Appellants having been dismissed as parties before any hearing on the merits have not had an opportunity to present their side of the case. While they tried to reenter the case after judgment, they were not granted leave to intervene and they were never in a position when they could have taken an appeal.

■ ■ Even though the error in dismissing them as parties was induced by their own counsel, they have not had their day in court. While the finding in the declaratory judgment action was in appellee's favor, appellee could still have appealed the order which dismissed appellants from the case. No such appeal was taken. In a matter of this type where appellants are so vitally interested we hold that their erroneous dismissal, even though induced by their counsel, since it preceded any hearing on the merits, prevents appellants being bound by a subsequent judgment.

Reversed and remanded for further proceedings consistent with this opinion.

GOLDENHERSH and EBERSPACHER, JJ., concur.